Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

    Plaintiff,

v.

DEARBORN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation,

    Defendant.

NO. 2:14-CV-00620-MJP

PLAINTIFF'S MOTIONS IN LIMINE

**Noted for Consideration**:
August 14, 2015

## I. INTRODUCTION & RELIEF REQUESTED

Plaintiff Damien Dreis requests that the Court enter an order *in limine* regarding the following at trial:

1.    Comparative fault and failure to mitigate.

## II. ARGUMENT

**1.    There should be no suggestion of comparative fault or failure to mitigate damages.**

Under Washington law, the defendant bears the burden of proof on each element of an affirmative defense like comparative negligence or failure to mitigate. *Haslund v. Seattle*, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976); *Queen City Farms v. Central Nat'l Ins.*, 126 Wn.2d 50, 97, 882 P.2d 703 (1994); *Young v. Whidbey Island Bd. of Realtors*, 96 Wn.2d 729, 638 P.2d 1235 (1982). Because Defendant Dearborn National Life Insurance Company cannot meet that burden on either comparative fault or failure to mitigate, any evidence or argument on these two

PLAINTIFF'S MOTIONS IN LIMINE - 1
89922

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

affirmative defenses should be precluded.

In its Answer, Dearborn alleged, among others, the following two affirmative defenses:

> 12. Plaintiff's claims are barred in whole or in part by his own acts and omissions.
> …
> 15. Plaintiff has failed to mitigate his damages.

Dkt. 6. In response, on July 21, 2014, Plaintiff sent interrogatories asking for the facts upon which Dearborn based its affirmative defenses. Dearborn responded as follows:

> 12. "Plaintiff voluntarily resigned from employment prior to being offered any severance payment by Defendant, thus eliminating any possibility of receiving such payment."
> …
> 15. "Plaintiff could have avoided the damages that he now claims to have suffered by not voluntarily resigning to take another job prior to Defendant implementing any reduction in staffing levels."

Allen Decl., Ex. 1, pp. 5-10.

These defenses are legally inapplicable under the present circumstances and, in any event, Defendant has failed to meet the requisite level of substantial proof required to permit such defenses to be presented to the jury.

    a. *Comparative Fault.*

The Washington Supreme Court has held that "if there is no evidence of contributory negligence, it is an error of law to submit the issue to the jury." *Boley v. Larson*, 69 Wn.2d 621, 624, 419 P.2d 579 (1966). The defendant is only entitled to a jury instruction on comparative negligence when "substantial evidence" is submitted to support such a finding. *Humes v. Fritz Companies, Inc.*, 125 Wn. App. 477, 496-97, 105 P.3d 1000 (2005) (trial court did not err in refusing to give comparative negligence instruction to the jury); *Roberts v. Larsen*, 71 Wn.2d 743, 744, 431 P.2d 166 (1967) (contributory negligence "must be established by substantial evidence; a scintilla of evidence is not sufficient.").

Here, to the extent Dearborn claims that Mr. Dreis negligently caused his own damages, Dearborn bears the burden of establishing each element of negligence: duty, breach, and proximate cause. Dearborn must present "substantial evidence" that Mr. Dreis's conduct fell

PLAINTIFF'S MOTIONS IN LIMINE - 2
89922

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

below the standard of a reasonably prudent employee under the same or similar circumstances and that such a breach by Mr. Dreis was a proximate cause of his own injuries. Dearborn cannot—and has not—established that Mr. Dreis had, or breached, any duty as an employee to his employer. Nor could a reasonable juror conclude that Mr. Dreis did anything unreasonable. Far from it, Mr. Dreis went above and beyond to affirmatively seek information about his right to severance. Despite these repeated requests for information, Mr. Dreis received the same answer each time: the severance would be minimal. There is no evidence, let alone substantial evidence, that Mr. Dreis was comparatively at fault for Dearborn's refusal to provide him with truthful information concerning his right to severance. The issue of comparative fault should not be presented to the jury.

      b. *Failure to Mitigate.*

Like comparative fault, a defendant claiming failure to mitigate bears the burden of proof and must present substantial evidence on each element of the claim. "The doctrine of mitigation of damages," "prevents recovery for those damages the injured party could have avoided by reasonable efforts taken after the wrong was committed." *Bernsen v. Big Bend Elec. Coop., Inc.*, 68 Wn. App. 427, 433, 842 P.2d 1047 (1993). The defendant must not only prove that the actions taken were unreasonable, it must show with sufficient specificity the amount that would have been saved had mitigation efforts been taken. *Young v. Whidbey Island Bd. of Realtors*, 96 Wn.2d 729, 638 P.2d 1235 (1982); *Cobb v. Snohomish County,* 86 Wn. App. 223, 230, 935 P.2d 1384 (1997). Failure to mitigate is not an available defense to Dearborn for several reasons.

First, on Plaintiff's fraud claim, failure to mitigate does not apply. *Wilson v. City of Walla Walla*, 12 Wn. App. 152, 153, 528 P.2d 1006 (1974) ("A party injury by conduct that is either intentional or reckless is entitled to compensatory damages and is under no duty to mitigate such damages."); *Desimone v. Mut. Materials Co.,* 23 Wn.2d 876, 884, 162 P.2d 808 (1945) (same).

Second, when an injured party is presented with a choice between two reasonable courses

PLAINTIFF'S MOTIONS IN LIMINE - 3
89922

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

due to the actions of the defendant, "the person whose wrong forced the choice cannot complain that one rather than the other is chosen." *Hogland v. Klein,* 49 Wn.2d 216, 221, 298 P.2d 1099 (1956) (quoting Charles T. McCormick, Handbook on the Law of Damages § 35, at 133–34 (1935)). Indeed, "the plaintiff is not bound at his peril to know the best thing to do." *Hogland,* 49 Wn.2d at 221. Here, Mr. Dreis resigned after he was unequivocally told in early January 2013 that his job was eliminated and that his severance was not worth waiting around for. Dearborn forced that choice on Mr. Dreis (and in fact encouraged him to do so) and it cannot now complain he should have waited around until mid-February to see if this unequivocal information was actually incorrect.

Third, there is no duty to mitigate where the tort is continuing. *Desimone*, 23 Wn.2d at 884. Here, Mr. Dreis was repeatedly—negligently or otherwise—told untrue information. That tortious conduct continued until the day of his resignation, at which point he undisputedly could have done nothing to mitigate his damages.

Fourth, "[w]here both the plaintiff and the defendant have equal opportunity to reduce the damages by the same act or expenditure, and it is equally reasonable to expect the defendant to minimize damages, the defendant will not be heard to say that the plaintiff should have minimized." *Walker v. Transamerica Title Ins. Co.*, 65 Wn. App. 399, 406, 828 P.2d 621 (1992). Here, Dearborn could have—and should have—provided Mr. Dreis with adequate and accurate information "by the same act or expenditure." In fact, the ability to discover and provide truthful information was not just equal, it was overwhelmingly in Dearborn's—not Mr. Dreis's—control.

Accordingly, for the above reasons, the defense of failure to mitigate and comparative fault are both legally and factually improper. Mr. Dreis went over and above in his efforts to obtain information about the severance to which he was entitled. Despite asking repeatedly, he was told the same untrue information each time. On these facts, Dearborn's affirmative defenses of comparative fault and failure to mitigate are insufficient as a matter of law and should be

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

precluded in limine.

### III. CONCLUSION

For the foregoing reasons, these motions *in limine* should be granted in their entirety.

DATED this 27th day of July, 2015.

              **PETERSON | WAMPOLD**
              **ROSATO | LUNA | KNOPP**

              */s/Mallory C. Allen*
              */s/Michael S. Wampold*
              Mallory C. Allen, WSBA No. 45468
              Michael S. Wampold, WSBA No. 26053
              Attorneys for Plaintiff
              1501 4th Avenue, Suite 2800
              Seattle, WA 98101
              Ph. (206) 624-6800
              allen@pwrlk.com
              wampold@pwrlk.com

PLAINTIFF'S MOTIONS IN LIMINE - 5
89922

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated**: July 27, 2015

                      **PETERSON | WAMPOLD**
                      **ROSATO | LUNA | KNOPP**

*/s/ Elizabeth Chandler*
Elizabeth Chandler, Paralegal
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. 206-624-6800
Email: elizabeth@pwrlk.com

PLAINTIFF'S MOTIONS IN LIMINE - 6
89922

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415