UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIEN DREIS,<br><br>           Plaintiff,<br><br>  vs.<br><br>DEARBORN NATIONAL LIFE<br>INSURANCE COMPANY, a foreign<br>corporation,<br><br>           Defendant. | Case No. 2:14-cv-00620-MJP<br><br>**DECLARATION OF THOMAS P. HOLT IN<br>SUPPORT OF DEFENDANT'S MOTIONS<br>*IN LIMINE***<br><br><br>NOTE ON MOTION CALENDAR:<br>August 17, 2015 |

I, Thomas P. Holt, hereby declare and state:

1.    I am the attorney representing Defendant Dearborn National Life Insurance Company ("Dearborn National") in this matter. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration, and if called as a witness could competently testify thereto.

## CERTIFICATION OF LCR 7(D)(4) CONFERENCE ON MOTIONS *IN LIMINE*

2.    Counsel for the parties conferred in good faith telephonically about every motion *in limine* raised in the Defendant's Motions *in Limine* on July 23, 2015, and failed to reach agreement upon them.

3.    Attached to this Declaration as **Exhibit A** is a true and correct copy of Plaintiff's

DECLARATION OF THOMAS P. HOLT IN SUPPORT OF
DEFENDANT'S MOTIONS *IN LIMINE* - 1
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    Initial Disclosures in this case.

2         4.      Attached to this Declaration as **Exhibit B** is a true and correct copy of the Notice

3   of Deposition of James Healy issued by defense counsel in this case, dated January 26, 2015.

4         5.      Attached to this Declaration as **Exhibit C** is a true and correct copy of the

5   deposition subpoena issued to James Healy to appear to be deposed at my firm's Denver,

6   Colorado office on February 4, 2015.

7         6.      Attached to this Declaration as **Exhibit D** is a true and correct copy of a process

8   service notification issued by ABC Legal Messengers, showing that James Healy was validly

9   served with counsel's deposition subpoena, by delivery to his spouse at his regular residence, on

10   January 27, 2015, at 7:30 p.m.

11         7.      Attached to this Declaration as **Exhibit E** is a true and correct copy of an email to

12   me from James Healy that I received on January 30, 2015.

13         8.      Attached to this Declaration as **Exhibit F** is a true and correct copy of an email

14   exchange between me and James Healy dated January 30–31, 2015.

15         9.      Subsequent to the email exchange in the following paragraph, Plaintiff's counsel

16   informed me that they could not be available for depositions on February 16, 2015, or indeed on

17   any day during that week. Accordingly, on February 2, 2015, defense counsel again contacted

18   Mr. Healy and requested to reschedule his deposition, this time for Friday, February 6, 2015.

19   Attached to this Declaration as **Exhibit G** is a true and correct copy of the email by which I

20   made this request, dated February 2, 2015.

21        10.      Attached to this Declaration as **Exhibit H** is a true and correct copy of an email

22   that I sent to Mr. Healy on February 3, 2015.

23        11.      Attached to this Declaration as **Exhibit I** is a true and correct copy of an email

24   sent by my former legal assistant, Scott Callahan, to James Healy, dated February 3, 2015.

25        12.      Attached to this Declaration as **Exhibit J** is a true and correct copy of an amended

26   deposition subpoena issued to James Healy on February 3, 2015.

**DECLARATION OF THOMAS P. HOLT IN SUPPORT OF
DEFENDANT'S MOTIONS *IN LIMINE* - 2**
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1    13.    Attached to this Declaration as **Exhibit K** is a true and correct copy of an

2    Amended Notice of Deposition of James Healy, which was served on Mr. Healy and Plaintiff's

3    counsel on February 3, 2015.

4    14.    Notwithstanding his verbal agreement to appear to be deposed on February 6,

5    2015, and his express acceptance of service of a proper deposition subpoena for that date on

6    February 3, 2013, on February 6, 2015, Mr. Healy failed to appear as scheduled.

7    15.    When contacted, the sole explanation that Mr. Healy had for failing to appear as

8    compelled by the subpoena issued to him was that he had "lost [his] phone."

9    16.    I subsequently attempted to reschedule a date for Mr. Healy's deposition with

10   Plaintiff's counsel, but was unable to find a mutually available time either prior to or soon after

11   the discovery cut-off in this case, which was February 16, 2015 (the parties had depositions

12   scheduled in Chicago throughout the week of February 9, 2015, and Plaintiff's counsel had

13   previously represented that they could not be available for any purpose during the week of

14   February 16, 2015).

15   17.    Based on the dispositive motion deadline of March 2, 2015, I was unable schedule

16   a time to conduct the deposition of James Healy prior to the filing of the parties' cross-motions

17   for summary judgment.

18   18.    Attached to this Declaration as **Exhibit L** is a true and correct copy of the

19   Declaration of James Healy filed in support of Plaintiff's Motion for Partial Summary Judgment.

20   I declare under penalty of perjury of the laws of the State of Washington that the

21   foregoing is true and correct to the best of my knowledge.

22   Executed this 27th day of July, 2015, at Seattle, Washington.

23

24                                                     Thomas P. Holt

25

26

**DECLARATION OF THOMAS P. HOLT IN SUPPORT OF
DEFENDANT'S MOTIONS *IN LIMINE* - 3**
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on July 27, 2015, I electronically filed the foregoing **DECLARATION OF THOMAS P. HOLT IN SUPPORT OF DEFENDANT'S MOTIONS** *IN LIMINE* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable Marsha J. Pechman and to the following:

**Attorneys for Plaintiff**

**Michael S. Wampold, WSBA No. 26053**
**Mallory C. Allen, WSBA No. 45468**
**PETERSON WAMPOLD ROSATO LUNA KNOPP**
**1501 Fourth Ave., Suite 2800**
**Seattle, WA 98101-1609**

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated July 27, 2015

*s/ Thomas P. Holt*
Thomas P. Holt
THolt@littler.com
**LITTLER MENDELSON, P.C.**

Firmwide:134900046.1 075686.1002

DECLARATION OF THOMAS P. HOLT IN SUPPORT OF
DEFENDANT'S MOTIONS *IN LIMINE* - 4
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**EXHIBIT A**



RECEIVED

JUL 01 2014

LITTLER MENDELSON, P.C.

HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

                Plaintiff,

    v.

DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation,

                Defendant.

NO. 2:14-CV-00620-MJP

**PLAINTIFF'S INITIAL
DISCLOSURES PURSUANT TO
FRCP 26(a)(1)**

      Plaintiff Damien Dreis, individually and through his counsel of record, makes the following initial disclosures under FRCP 26(a)(1), and under the Court's May 27, 2014 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement [Dkt. No. 8]. Plaintiff makes these initial disclosures based on the information and materials reasonably available to plaintiff, and without prejudice to his right to amend or serve supplemental disclosures if additional responsive information becomes available, to correct or modify any information set forth or referenced herein, or to use the amended or supplemental information to support plaintiff's claims, defenses, or motions during discovery, pretrial, and trial.

    //

    //

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**(i)** **The name and, if known, the address and telephone number of each individual likely to have discoverable information that plaintiff may use to support his claims or defenses:**

| NAME/TITLE | CONTACT INFORMATION | SUBJECT MATTER |
|---|---|---|
| Damien Dreis, plaintiff | c/o Peterson Wampold Rosato Luna Knopp 1501 Fourth Ave, Suite 2800 Seattle, WA 98101 (206) 624-6800 | Mr. Dries has knowledge of liability, causation and damages. |
| Deborah Jeanne Dreis, Damien Dreis' wife | c/o Peterson Wampold Rosato Luna Knopp 1501 Fourth Ave, Suite 2800 Seattle, WA 98101 (206) 624-6800 | Mrs. Dreis has knowledge of liability, causation, and damages. |
| <ul><li>Brian Griffin, Vice President of Sales</li><li>Larry Meitl, Regional Vice President of Sales, Western Region</li><li>Michael Morrow, Interim CEO</li><li>Craig Nordyke, former CEO</li><li>Mike Malouf, current CEO</li><li>Mark Metille, President</li><li>David Burghard, Executive Director of Sales</li><li>John Burke, Product Development</li><li>Joe Hansen, Regional sales</li><li>Jim Hunt, VP Group</li><li>Joe Jansen, Regional Sales Manager</li><li>Bill Johnson, Regional VP</li><li>Sarah Johnson, Account Manager</li><li>Mike Lindstrom, Contracting Sales</li><li>Danae Netto, Regional Sales</li></ul> | Unknown | Dearborn employees with potential information concerning the 2012-2013 reduction in force and the severance benefits owed/paid to affected Dearborn employees. |

PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO FRCP 26(A)(1) - 2
CASE NO. 2:14-CV-00620-MJP
80051

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

| NAME/TITLE | CONTACT INFORMATION | SUBJECT MATTER |
|---|---|---|
| • McClure King, Regional Sales<br>• Jim Healy, Regional Sales<br>• Greg Davenport, Regional Sales<br>• Heather Leary, Regional Sales<br>• Eric Bach, Regional Sales<br>• Nino Lazaro, Regional Sales<br>• Karen Kozlowski, Human Resources<br>• Marty Delgado, Human Resources<br>• Michelle Vosdoganes, Human Resources<br>• Claire Burke, Divisional Vice President | | |
| Currently unknown employees of Dearborn | Dearborn National Life Insurance Company<br>c/o Littler Mendelson P.C.<br>600 University Street, Suite 3200<br>Seattle, WA 98101<br>(206) 623-3300 | Dearborn employees are expected to have knowledge of liability and damages. Defendant has not yet identified any employees or produced any documents. Plaintiff is therefore unable to identify the employees at this time. |
| Dearborn Board of Directors | Unknown | Dearborn employees are expected to have knowledge of liability, causation, and damages. Defendant has not yet identified any employees or produced any documents. Plaintiff is therefore unable to identify the employees at this time. |

This listing does not constitute an admission or concession that any or all of these individuals need to or should be deposed or called to testify at trial. Plaintiff reserves the right to object to the deposition or trial testimony of any of the individuals listed above. Plaintiff also reserves the right to amend or supplement this list as the case progresses, and to obtain discovery

PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO FRCP 26(A)(1) - 3
CASE NO. 2:14-CV-00620-MJP
80051

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

in support of his claims or defenses from any witness identified, offered, or introduced by any other party or non-party to this action.

      **(ii)**   **A description by category and location of all documents, electronically stored information, and tangible things that are in the possession, custody or control of the plaintiff and may be used to support their claims:**

      1.     Employment records, including pay and wage records, and the employee/personnel file of Damien Dreis, from Dearborn National Life Insurance Company;

      2.     Dearborn National Life Insurance Company RIF Policy, Dearborn National Life Insurance Company Severance Policy, and all other Dearborn employment policies, including compensation and incentive plan policies;

      3.     Email communications between plaintiff and various employees/agents of Dearborn; and,

      4.     Internal email communication between Dearborn employees.

This listing does not constitute an admission or concession that any such documents or information are relevant or admissible, and plaintiff reserves his right to challenge the discoverability and/or admissibility of such documents and information. Plaintiff also reserves his right to amend or supplement these disclosures based on information or evidence identified, pleaded, discovered, or introduced later in these proceedings. Plaintiff further reserves the right to rely on any information or documents identified, pleaded, produced, offered, or introduced by any other party or non-party to this action.

      **(iii)**   **A computation of any category of damages claimed by plaintiff:**

      All damages recoverable under Washington law including but not limited to the following:

      1.     Past and future economic damages, including past wages;

      2.     All general damages available under the law;

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

3. Reasonable attorneys' fees and actual and statutory litigations costs, including expert witness fees;

4. For double damages for the willful and unjustified withholding of severance and other remunerations of employment pursuant to RCW 49.52.070; and,

5. For prejudgment interest on all liquidated amounts.

**(iv)** **Insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment:**

Plaintiff believes defendant maintains insurance.

## RESERVATION

Plaintiff reserves the right to supplement these initial disclosures as discovery continues. Plaintiff further reserves the right to supplement these initial disclosures after documents are produced by other parties.

DATED this ___1st___ day of July, 2014.

PETERSON | WAMPOLD
ROSATO | LUNA | KNOPP

Mallory C. Allen, WSBA No. 45468
Michael S. Wampold, WSBA No. 26053
Attorneys for Plaintiff
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. (206) 624-6800
allen@pwrlk.com
wampold@pwrlk.com

CERTIFICATE OF TRANSMITTAL

On this day, the undersigned in Seattle, Washington, sent to the attorneys of record for defendant(s) a copy of this document by ABC Messenger Service. I certify under the penalties of perjury under the laws of the State of Washington that the foregoing is true and correct.

7/1/2014
Date

Elizabeth Chandler
Signed

PLAINTIFF'S INITIAL DISCLOSURES
PURSUANT TO FRCP 26(A)(1) - 5
CASE NO. 2:14-CV-00620-MJP
80051

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**EXHIBIT B**

1   The Honorable Marsha J. Pechman

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE

9   DAMIEN DREIS,                          Case No. 2:14-cv-00620-MJP

10                  Plaintiff,             **DEFENDANT DEARBORN NATIONAL
                                           LIFE INSURANCE COMPANY'S NOTICE
11      vs.                                OF DEPOSITION OF JAMES HEALY**

12  DEARBORN NATIONAL LIFE
    INSURANCE COMPANY, a foreign
13  corporation,

14                  Defendant.

15

16      **TO:**       **JAMES HEALY;**

17      **AND TO:**   **DAMIEN DREIS, and his attorneys of record, Michael Wampold
                       and Mallory Allen of Peterson Wampold Rosato Luna Knopp.**
18

19          PLEASE TAKE NOTICE that the testimony of JAMES HEALY will be taken upon oral

20  examination at the instance and request of the Defendant, DEARBORN NATIONAL LIFE

21  INSURANCE COMPANY, via video conference, and before a court reporter on:

22          **Date:**      February 4, 2015
            **Time:**      10:00 a.m. (MST) / 9:00 a.m. (PST)
23          **Place:**     Littler Mendelson, P.C.
24                         1900 16th Street, #800
                           Denver, CO 80202
25

26

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1  The deposition will be taken via video conference and transcribed by a certified court

2  reporter as permitted pursuant to Rule 30 of the Federal Rules of Civil Procedure, said oral

3  examination to be subject to continuance or adjournment from time to time or place to place until

4  completed and will be taken on the ground and for the reason that the witness will give evidence

5  material to the above-captioned matter.

6      Dated: January 26, 2015

7

8

9                              Thomas P. Holt, WSBA No. 39722
                               tholt@littler.com
10                             James G. Zissler, WSBA No. 30287
                               jzissler@littler.com
11                             **LITTLER MENDELSON, P.C.**
                               One Union Square
12                             600 University Street, Suite 3200
                               Seattle, WA 98101.3122
13                             Telephone:     206.623.3300
                               Facsimile:     206.447.6965
14

15                             Attorneys for Defendant
                               DEARBORN NATIONAL LIFE
16                             INSURANCE COMPANY, a foreign
                               corporation

17

18

19

20

21

22

23

24

25

26

DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S
NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF JAMES HEALY - 2
Case No. 2:14-cv-00620-MJP

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on Wednesday, January 27, 2015, I served, in the manner indicated, the foregoing: **DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF DEPOSITION OF JAMES HEALY** upon:

**Attorneys for Plaintiff**

Michael S. Wampold, WSBA #26053
Mallory C. Allen, WSBA #45468
PETERSON WAMPOLD ROSATO LUNA KNOPP
1501 Fourth Ave., Suite 2800
Seattle, WA 98101-1609

[ ] *Via Facsimile*
[ ] *Via U.S. Mail*
[X] *Via Legal Messenger*
[ ] *Via E-mail*
[ ] *Via Federal Express*

I certify under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Dated January 27, 2015

Scott W. Callahan
scallahan@littler.com
**LITTLER MENDELSON, P.C.**

Firmwide:131351917.1 075686.1002

DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S
NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF JAMES HEALY - 3
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**EXHIBIT C**

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| DAMIEN DREIS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:14-cv-00620-MJP |
| DEARBORN NATIONAL LIFE INSURANCE | ) | |
| COMPANY,  a foreign corporation | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   JAMES HEALY

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  LITTLER MENDELSON, P.C. <br> 1900 16th Street, #800 <br> Denver, CO 80202 | Date and Time: <br> 02/04/2015 10:00 am (M�sᴛ) |
|---|---|

The deposition will be recorded by this method:    certified court reporter/via video conference

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/26/2015

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Dearborn National Life Insurance Company _____, who issues or requests this subpoena, are:

Tom Holt & James Zissler, Littler Mendelson, P.C., 600 University St., Ste. 3200, Seattle, WA 98101; Tel: 206-623-3000

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:14-cv-00620-MJP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT D**

## Holt, Tom

| | |
|---|---|
| **From:** | Callahan, Scott W. |
| **Sent:** | Wednesday, January 28, 2015 8:32 AM |
| **To:** | Holt, Tom |
| **Cc:** | Zissler, James G. |
| **Subject:** | FW: ABC Process Service Notification - 075686.1002 |

-----Original Message-----
From: noreply@abclegal.com [mailto:noreply@abclegal.com]
Sent: Wednesday, January 28, 2015 7:58 AM
To: Callahan, Scott W.
Subject: ABC Process Service Notification - 075686.1002

IMPORTANT - DO NOT REPLY TO THIS EMAIL - it is from an automated sender.

Hi,

Good news! This order has been served:

Your reference #:  075686.1002
Case #:        2:14-CV-00620-MJP
For service on:   JAMES HEALY
Served to:     SUSAN HEALY
Date/Time:     JANUARY 27 2015 07:30 PM
Address:       3733 SOARING EAGLE COURT, CASTLE ROCK, CO 80109

View order details and download documents at: http://www.abclegal.com/abc/track/1895/647482

The documents on this order were served pursuant to:
A) The statutes & court rules of the originating jurisdiction, and or
B) The statutes & court rules of the state in where parties are served, and
C) Instructions from the customer

Service data in this email is deemed accurate and reliable, but is subject to final verification

ABC Legal offers you the web site features to: track your orders in detail, protect you from compliance issues; provide 24/7 access to your data; and get your orders done faster.

# EXHIBIT E

## Holt, Tom

| | |
|---|---|
| **From:** | James Healy <James.Healy@rsli.com> |
| **Sent:** | Friday, January 30, 2015 5:59 AM |
| **To:** | Zissler, James G.; Holt, Tom |
| **Subject:** | Deposition Notice - Damien Dries vs. Dearborn National |
| **Attachments:** | James Healy.vcf |

Good Morning Gentlemen,

I am just in a position of reviewing the notice of deposition dated January 26, 2015 after having been on a business trip the earlier part of this week. Please be advised that I have a previously scheduled matter on February 4 and will not be able to be present when requested. Your notice is short, and I am requesting a modification as a courtesy. As alternate dates, I could be at the office noted in Denver, Colorado on Monday, February 9 or Wednesday, February 18 at 9:00 AM.

Please let me know if this works for you, and if not, please suggest another date and time.

Sincerely,

Jim Healy

James L. Healy, Jr.
Regional Sales Manager

**|RELIANCE STANDARD**
LIFE INSURANCE COMPANY
A MEMBER OF THE TOKIO MARINE GROUP
7600 East Orchard Road
Suite 106 South
Greenwood Village, CO  80111
(720) 258-8828 Direct
(303) 919-1095 Cell
(720) 258-8824 Fax

Email  James.Healy@rsli.com

 

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

**EXHIBIT F**

| | |
|---|---|
| **From:** | James.Healy@rsli.com |
| **Sent:** | Saturday, January 31, 2015 7:49 AM |
| **To:** | Holt, Tom |
| **Cc:** | Zissler, James G. |
| **Subject:** | Re: Deposition Notice - Damien Dries vs. Dearborn National |

Hello Terry,

The date and time do work. I will plan on being at your office

Jim Healy

Reliance Standard Life Insurance Co.

7600 East Orchard Road

Suite 106 South

Greenwood Village, CO 80111

303-919-1095 Cell

720-258-8828 Office

On Jan 30, 2015, at 12:10 PM, Holt, Tom <THolt@littler.com> wrote:

Hello Mr. Healy,

Thank you for your email. We appreciate you reaching out. We are willing to try to accommodate your schedule to the extent we are able. However, the dates that you suggest do not appear to be feasible alternatives at present. Can you make yourself available on Monday, February 16th, at 10:00 a.m. CST?

Best regards,

Tom Holt

**Tom Holt,** Associate
206.381.4926 direct   206.374.2216 fax   THolt@littler.com
One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122

<image001.jpg>  | littler.com
**Employment & Labor Law Solutions Worldwide**

Good Morning Gentlemen,

I am just in a position of reviewing the notice of deposition dated January 26, 2015 after having been on a business trip the earlier part of this week. Please be advised that I have a previously scheduled matter on February 4 and will not be able to be present when requested. Your notice is short, and I am requesting a modification as a courtesy. As alternate dates, I could be at the office noted in Denver, Colorado on Monday, February 9 or Wednesday, February 18 at 9:00 AM.

Please let me know if this works for you, and if not, please suggest another date and time.

Sincerely,

Jim Healy

James L. Healy, Jr.
Regional Sales Manager

<image006.jpg>
7600 East Orchard Road
Suite 106 South
Greenwood Village, CO  80111
(720) 258-8828 Direct
(303) 919-1095 Cell
(720) 258-8824 Fax

Email  James.Healy@rsli.com

<image004.jpg> <image005.jpg>

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

----

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are

not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--
This message has been scanned for viruses and dangerous content by **MailScanner**, and is believed to be clean.

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

**EXHIBIT G**

| | |
|---|---|
| **From:** | Holt, Tom <THolt@littler.com> |
| **Sent:** | Monday, February 02, 2015 1:00 PM |
| **To:** | James.Healy@rsli.com |
| **Cc:** | Zissler, James G. |
| **Subject:** | RE: Deposition Notice - Damien Dries vs. Dearborn National |

Hello Again Mr. Healy,

Unfortunately, Mr. Dreis's attorneys have indicated that they are unable to be present at any time on Monday, February 16th, or indeed during that week at all. We still wish to attempt to accommodate your request to move your deposition from this Wednesday, however. If we are able to make it work with Mr. Dreis's attorneys, would the afternoon of Friday, February 6th be available for you?

Best regards,

Tom Holt

**Tom Holt**, Associate
206.381.4926 direct   206.374.2216 fax   THolt@littler.com
One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122

# Littler | littler.com
**Employment & Labor Law Solutions Worldwide**

**From:** James.Healy@rsli.com [mailto:James.Healy@rsli.com]
**Sent:** Saturday, January 31, 2015 7:49 AM
**To:** Holt, Tom
**Cc:** Zissler, James G.
**Subject:** Re: Deposition Notice - Damien Dries vs. Dearborn National


Hello Terry,


The date and time do work. I will plan on being at your office

Jim Healy

Reliance Standard Life Insurance Co.

7600 East Orchard Road

Suite 106 South

Greenwood Village,  CO 80111

303-919-1095 Cell

720-258-8828 Office

On Jan 30, 2015, at 12:10 PM, Holt, Tom <THolt@littler.com> wrote:

> Hello Mr. Healy,
>
> Thank you for your email. We appreciate you reaching out. We are willing to try to accommodate your schedule to the extent we are able. However, the dates that you suggest do not appear to be feasible alternatives at present. Can you make yourself available on Monday, February 16th, at 10:00 a.m. CST?
>
> Best regards,
>
> Tom Holt
>
> **Tom Holt,** Associate
> 206.381.4926 direct   206.374.2216 fax   THolt@littler.com
> One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122
>
> <image001.jpg>   | littler.com
> **Employment & Labor Law Solutions Worldwide**
>
> **From:** James Healy [mailto:James.Healy@rsli.com]
> **Sent:** Friday, January 30, 2015 5:59 AM
> **To:** Zissler, James G.; Holt, Tom
> **Subject:** Deposition Notice - Damien Dries vs. Dearborn National
>
>
> Good Morning Gentlemen,
>
> I am just in a position of reviewing the notice of deposition dated January 26, 2015 after having been on a business trip the earlier part of this week. Please be advised that I have a previously scheduled matter on February 4 and will not be able to be present when requested. Your notice is short, and I am requesting a modification as a courtesy. As alternate dates, I could be at the office noted in Denver, Colorado on Monday, February 9 or Wednesday, February 18 at 9:00 AM.
>
> Please let me know if this works for you, and if not, please suggest another date and time.
>
> Sincerely,
>
> Jim Healy
>
>
>
> James L. Healy, Jr.
> Regional Sales Manager
>
> <image006.jpg>

7600 East Orchard Road
Suite 106 South
Greenwood Village, CO  80111
(720) 258-8828 Direct
(303) 919-1095 Cell
(720) 258-8824 Fax

Email  James.Healy@rsli.com

<image004.jpg> <image005.jpg>

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

----

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--
This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

**EXHIBIT H**

## Holt, Tom

| | |
|---|---|
| **From:** | Holt, Tom <THolt@littler.com> |
| **Sent:** | Tuesday, February 03, 2015 9:23 AM |
| **To:** | James.Healy@rsli.com |
| **Cc:** | Zissler, James G.; Callahan, Scott W. |
| **Subject:** | RE: Deposition Notice - Damien Dries vs. Dearborn National |

Hello Mr. Healy,

Can you please respond as soon as possible whether you are amenable to rescheduling your deposition to Friday afternoon? Mr. Dries's attorneys have indicated that they are available at that time. As I mentioned below, Monday the 16th is not available for Mr. Dreis's counsel.

Please note that if we do not solidify a mutually agreeable alternate time before tomorrow, the federal subpoena served upon you remains in full effect, and your failure to attend as directed tomorrow morning could subject you to penalties under federal law, up to and including contempt proceedings.

Best regards,

Tom Holt

**Tom Holt,** Associate
206.381.4926 direct   206.374.2216 fax   THolt@littler.com
One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122

 | littler.com
**Employment & Labor Law Solutions Worldwide**

---

**From:** Holt, Tom
**Sent:** Monday, February 02, 2015 1:00 PM
**To:** 'James.Healy@rsli.com'
**Cc:** Zissler, James G.
**Subject:** RE: Deposition Notice - Damien Dries vs. Dearborn National


Hello Again Mr. Healy,

Unfortunately, Mr. Dreis's attorneys have indicated that they are unable to be present at any time on Monday, February 16th, or indeed during that week at all. We still wish to attempt to accommodate your request to move your deposition from this Wednesday, however. If we are able to make it work with Mr. Dreis's attorneys, would the afternoon of Friday, February 6th be available for you?

Best regards,

Tom Holt

**Tom Holt,** Associate

# Littler | littler.com

**Employment & Labor Law Solutions Worldwide**

---

**From:** James.Healy@rsli.com [mailto:James.Healy@rsli.com]
**Sent:** Saturday, January 31, 2015 7:49 AM
**To:** Holt, Tom
**Cc:** Zissler, James G.
**Subject:** Re: Deposition Notice - Damien Dries vs. Dearborn National


Hello Terry,


The date and time do work. I will plan on being at your office

Jim Healy

Reliance Standard Life Insurance Co.

7600 East Orchard Road

Suite 106 South

Greenwood Village, CO 80111

303-919-1095 Cell

720-258-8828 Office


On Jan 30, 2015, at 12:10 PM, Holt, Tom <THolt@littler.com> wrote:

> Hello Mr. Healy,
>
> Thank you for your email.  We appreciate you reaching out.  We are willing to try to accommodate your schedule to the extent we are able.  However, the dates that you suggest do not appear to be feasible alternatives at present.  Can you make yourself available on Monday, February 16th, at 10:00 a.m. CST?
>
> Best regards,
>
> Tom Holt
>
> **Tom Holt,** Associate
> 206.381.4926 direct   206.374.2216 fax   THolt@littler.com
> One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122

**From:** James Healy [mailto:James.Healy@rsli.com]
**Sent:** Friday, January 30, 2015 5:59 AM
**To:** Zissler, James G.; Holt, Tom
**Subject:** Deposition Notice - Damien Dries vs. Dearborn National

Good Morning Gentlemen,

I am just in a position of reviewing the notice of deposition dated January 26, 2015 after having been on a business trip the earlier part of this week. Please be advised that I have a previously scheduled matter on February 4 and will not be able to be present when requested. Your notice is short, and I am requesting a modification as a courtesy. As alternate dates, I could be at the office noted in Denver, Colorado on Monday, February 9 or Wednesday, February 18 at 9:00 AM.

Please let me know if this works for you, and if not, please suggest another date and time.

Sincerely,

Jim Healy

James L. Healy, Jr.
Regional Sales Manager

<image006.jpg>
7600 East Orchard Road
Suite 106 South
Greenwood Village, CO  80111
(720) 258-8828 Direct
(303) 919-1095 Cell
(720) 258-8824 Fax

Email  James.Healy@rsli.com

<image004.jpg> <image005.jpg>

"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

----

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--
This message has been scanned for viruses and dangerous content by **MailScanner**, and is believed to be clean.


"CONFIDENTIALITY AND PROPRIETARY INFORMATION NOTICE: This email, including attachments, is covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and contains confidential information belonging to the sender which may be legally privileged. The information is intended only for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please immediately notify the sender by return e-mail and delete this message from your computer or arrange for the return of any transmitted information."

**EXHIBIT I**

## Holt, Tom

| | |
|---|---|
| **From:** | Callahan, Scott W. <scallahan@littler.com> |
| **Sent:** | Tuesday, February 03, 2015 10:16 AM |
| **To:** | jim.healy.jr@gmail.com |
| **Cc:** | Holt, Tom; Zissler, James G.; Holiday, Tiffany D. |
| **Subject:** | Damien Dreis v. Dearborn - Amended Notice of Deposition and Subpoena to Testify at Deposition |
| **Attachments:** | Healey Subpoena.pdf; Healey Amended NOD.pdf |

Mr. Healy, thank you again for taking my call, and thank you for agreeing to accept service by email. As I mentioned, we've scheduled your deposition for 3:30 MST at our offices in Denver. The attached Amended Notice of Deposition and Subpoena to Testify at Deposition has the specifics (date/time/address, etc.). We look forward to meeting with you. Your cooperation and assistance is much appreciated.

Thanks.

**Scott Callahan,** Legal Assistant
206.381.4901 direct   scallahan@littler.com
One Union Square, 600 University Street, Suite 3200 | Seattle, WA 98101-3122

# Littler   | littler.com
**Employment & Labor Law Solutions Worldwide**

**\* Please be advised that my last day of employment with Littler is on Friday, February 6, 2015. After this date, please forward any correspondence directly to the attorney until my position is filled. Thank you.**

**EXHIBIT J**

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| DAMIEN DREIS | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:14-cv-00620-MJP |
| DEARBORN NATIONAL LIFE INSURANCE | ) |
| COMPANY, a foreign corporation | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                      JAMES HEALY

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: LITTLER MENDELSON, P.C. | Date and Time: |
|---|---|
| 1900 16th Street, #800 | |
| Denver, CO 80202 | 02/06/2015 3:30 pm ( MST ) |

The deposition will be recorded by this method:   certified court reporter/via video conference

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/3/15

CLERK OF COURT                OR

_____       _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Dearborn National Life Insurance Company _____, who issues or requests this subpoena, are:
Tom Holt & James Zissler, Littler Mendelson, P.C., 600 University St., Ste. 3200, Seattle, WA 98101; Tel: 206-623-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:14-cv-00620-MJP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____       _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT K**

1

2

3

4

5

6

7     UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9   DAMIEN DREIS,                              Case No. 2:14-cv-00620-MJP

10                 Plaintiff,                  **DEFENDANT DEARBORN NATIONAL
                                               LIFE INSURANCE COMPANY'S**
11     vs.                                     **AMENDED NOTICE OF DEPOSITION OF
                                               JAMES HEALY**
12   DEARBORN NATIONAL LIFE
     INSURANCE COMPANY, a foreign
13   corporation,

14                 Defendant.

15

16     **TO:**        **JAMES HEALY;**

17     **AND TO:**    **DAMIEN DREIS, and his attorneys of record, Michael Wampold
                      and Mallory Allen of Peterson Wampold Rosato Luna Knopp.**
18

19         PLEASE TAKE NOTICE that the testimony of JAMES HEALY will be taken upon oral

20   examination at the instance and request of the Defendant, DEARBORN NATIONAL LIFE

21   INSURANCE COMPANY, via video conference, and before a court reporter on:

22     **Date:**      February 6, 2015
       **Time:**      3:30 p.m. (MST) / 2:30 p.m. (PST)
23     **Place:**     Littler Mendelson, P.C.
24                    1900 16th Street, #800
                      Denver, CO 80202
25

26

**DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S**          LITTLER MENDELSON, P.C.
**NOTICE OF DEPOSITION OF JAMES HEALY - 1**                            One Union Square
Case No. 2:14-cv-00620-MJP                            600 University Street, Suite 3200
                                                           Seattle, WA 98101.3122
                                                              206.623.3300

1    The deposition will be taken via video conference and transcribed by a certified court

2    reporter as permitted pursuant to Rule 30 of the Federal Rules of Civil Procedure, said oral

3    examination to be subject to continuance or adjournment from time to time or place to place until

4    completed and will be taken on the ground and for the reason that the witness will give evidence

5    material to the above-captioned matter.

6        Dated: February 3, 2015

7

8

9                                    Thomas P. Holt, WSBA No. 39722
                                     tholt@littler.com
10                                   James G. Zissler, WSBA No. 30287
                                     jzissler@littler.com
11                                   **LITTLER MENDELSON, P.C.**
                                     One Union Square
12                                   600 University Street, Suite 3200
                                     Seattle, WA 98101.3122
13                                   Telephone:     206.623.3300
                                     Facsimile:     206.447.6965
14

15                                   Attorneys for Defendant
                                     DEARBORN NATIONAL LIFE
16                                   INSURANCE COMPANY, a foreign
                                     corporation
17

18

19

20

21

22

23

24

25

26

**DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S**
**NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF JAMES HEALY - 2**
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on Wednesday, February 3, 2015, I served, in the manner indicated, the foregoing: **DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S NOTICE OF DEPOSITION OF JAMES HEALY** upon:

| **Attorneys for Plaintiff** | |
|---|---|
| **Michael S. Wampold, WSBA #26053** | [ ] Via Facsimile |
| **Mallory C. Allen, WSBA #45468** | [ ] Via U.S. Mail |
| **PETERSON WAMPOLD ROSATO LUNA KNOPP** | [X] Via Legal Messenger |
| **1501 Fourth Ave., Suite 2800** | [ ] Via E-mail |
| **Seattle, WA 98101-1609** | [ ] Via Federal Express |

I certify under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Dated February 3, 2015

Scott W. Callahan
scallahan@littler.com
**LITTLER MENDELSON, P.C.**

Firmwide:131505627.1 075686.1002

DEFENDANT DEARBORN NATIONAL LIFE INSURANCE COMPANY'S
NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF JAMES HEALY - 3
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# EXHIBIT L

1                                                    Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

                    Plaintiff,

        v.

DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation,

                Defendant.

NO. 2:14-CV-00620-MJP

DECLARATION OF JAMES HEALY
IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

James Healy declares as follows:

1.    I was a Regional Sales Manager for Dearborn National Life Insurance from August 10, 2010 to February 8, 2013. I worked out of Colorado. Mr. Dreis was my counterpart in the state of Washington. I make this declaration based on my personal knowledge of the events that transpired during Dearborn's 2012-2013 Reduction in Force.

2.    During the time I was working at Dearborn, Larry Meitl was my supervisor and our Regional Vice President.

3.    After several months of discussions with various individuals at Dearborn concerning our potential job elimination, on January 9, 2013, I was officially told by Larry Meitl that my job was being eliminated.

4.    During this conversation, and on several occasions thereafter, I specifically asked Mr. Meitl

DECLARATION OF JAMES HEALY IN
SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 1
CASE NO. 2:14-CV-00620-MJP
Healy Declaration Dries vs. DN.doc

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1    whether Dearborn was offering a severance package and what the amount of that package

2    would be.  Mr. Meitl told me that there would be a severance package, but that it would be

3    "insignificant."  Mr. Meitl encouraged me to begin searching for another job.

4  5.    Based on these repeated assurances, and the fact that this "insignificant" severance would

5    not allow me to meet my financial obligations, I began searching for a new job.  I was

6    offered a position at Reliance Standard on 1/17/2013, and gave my two weeks notice to

7    Dearborn on 1/28/2013.

8  6.    I was never given a copy of Dearborn's RIF policy or severance policy between January 9—

9    the day Larry Meitl told me that my job was officially eliminated—and my last day at

10    Dearborn.  Nor was I told during my entire tenure at Dearborn that these policies existed or

11    what these policies contained.  I did not receive severance pay.

12  7.    Had I been given the pertinent RIF and severance policies, I would not have resigned from

13    Dearborn.  I would have stayed with the company and collected the severance I was owed.

15    DATED at Denver. Colorado this 1st day of March, 2015.

18    James Healy

DECLARATION OF JAMES HEALY IN
SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 2
CASE NO. 2:14-CV-00620-MJP
Healy Declaration Dries vs. DN.doc

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to all counsel of record.


**Dated**:  March 2, 2015.


*/s/ Elizabeth Chandler*
Elizabeth Chandler, Paralegal
1501 4th Avenue, Suite 2800
Seattle, WA  98101
Ph. 206-624-6800
Email:  elizabeth@pwrlk.com

DECLARATION OF JAMES HEALY IN
SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 3
CASE NO. 2:14-CV-00620-MJP
87515

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415