Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

                Plaintiff,

v.

DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation,

                Defendant.

NO. 2:14-CV-00620-MJP

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE

Noted: August 14, 2015

Dearborn has repackaged its summary judgment briefing in an attempt to exclude virtually all evidence of liability, causation, and damages. Dearborn relies almost entirely on Fed. R. Evid. 402 and Fed. R. Evid. 403, with little to no legal analysis or case citation, and repeatedly asks this Court to exclude appropriate, disputed facts that are central to Plaintiff's case.

If a motion *in limine* is nothing more than an attempt to preclude plaintiff from putting on his case all together or simply a motion for summary judgment in disguise, the motion should be summarily denied. *See, e.g., Arthrex, Inc. v. Parcus Med., LLC*, 2:10-CV-151-FTM-38, 2014 WL 2882505, at *2 (M.D. Fla. June 25, 2014); *Chun Cha Chi v. Allstate Ins. Co.*, C08-855 MJP, 2009 WL 3225596 (W.D. Wash. Aug. 17, 2009) ("[t]he function of a motion *in limine* is to preclude improper testimony or the introduction of inadmissible evidence, or any reference by

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 1
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

any party, counsel or witness to prejudicial and/or inadmissible evidence."). Dearborn's motions in limine should be summarily denied.

### 1. Any testimony by James Healy (A).

On August 6, 2015, in response to Plaintiff's counsel's request that Dearborn strike its first motion in limine, defense counsel replied:

> If Mr. Healy shows up [to his deposition], we will withdraw argument related to us being prevented from deposing him. However, as our motions explain, we also believe that his proffered testimony is irrelevant to any issue in the case (i.e., what Mr. Meitl supposedly said to Mr. Healy has no logical connection to what Mr. Meitl supposedly said to Mr. Dreis), and will mislead and confuse the jury. So, no, we are not striking our request to have him excluded.

Allen Decl., Ex. 1. Because defense counsel deposed Mr. Healy on August 10, 2015, the only remaining issue is whether Mr. Healy's testimony is admissible under Fed. R. Evid. 402 and Fed. R. Evid. 403; which it is.

Dearborn's relevancy arguments are not only incorrect, but they are audacious in light of Dearborn's own witness list. Defendant argues that "[w]hat Mr. Meitl might or might not have said to Mr. Healy does not make it more or less likely that the completely independent statements that Mr. Dreis claims Mr. Meitl made *to him* actually occurred." Dkt. 39, p. 6. In fact, Mr. Healy's testimony that Mr. Meitl told him that the severance would be "insignificant" is *directly* relevant and supportive of Mr. Dreis's claim that he was told that the severance was "minimal" or "two weeks max." The fact that this message was told to Mr. Healy makes it far more likely that the same message was also delivered to Mr. Dreis. Moreover, Dearborn itself has listed Nino Lazaro, a former employee of Dearborn in the same capacity as Mr. Healy, as a "will testify" witness in its pre-trial statement. Allen Decl., Ex. 2, p. 9. Tellingly, Dearborn's disclosure of Mr. Lazaro's intended testimony is: "Mr. Lazaro held the same position at Dearborn National as did the Plaintiff during periods relevant to this case. He will testify about the Plaintiff's statements to him, communications from Dearborn National, and the

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 2
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

administration of the 2013 RIF." This is *precisely* the subject matter on which Mr. Healy will testify as well. Accordingly, there is no basis to exclude Mr. Healy on relevance grounds.

Nor does Dearborn articulate a reasoned basis to exclude Mr. Healy under Fed. R. Evid. 403. Despite Dearborn's conclusory attempts to label his testimony as confusing or misleading, there is no suggestion that Mr. Healy's testimony will be anything other than straightforward, and easily understood by the jury.

The Court should deny Dearborn's motion.

**2. All evidence, testimony, or argument of counsel about alleged "willful" withholding of wages (B).**

In light of the Court's dismissal of Mr. Dreis's willful withholding of wages claim under RCW 49.52.050-.070, Plaintiff will not introduce evidence or present argument on that claim. However, to the extent this motion attempts to preclude Plaintiff from arguing to the jury that Dearborn's actions amounted to fraud and/or negligent misrepresentation because it intentionally withheld what was akin to wages, the motion should be denied.

**3. All evidence, testimony, or argument of counsel about alleged actions or statements of former Dearborn National employee Larry Meitl constituting the actions or statements of Dearborn National (C).**

Despite recognizing that this Court has already determined that agency is a disputed issue for trial (Dkt. 35), Dearborn confusingly asks this Court to preclude Plaintiff from *proving* this disputed fact. Because Dearborn's argument ignores both established agency law and this Court's Order, its motion should be denied.

There is nothing improper or unduly prejudicial with Plaintiff presenting evidence and argument that Mr. Meitl's actions—or actions of any Dearborn employee for that matter—are properly considered actions of Dearborn. Plaintiff intends to offer evidence and argument in line with WPI 50.07 and WPI 50.02.01 and ask the jury to conclude that Dearborn is liable for its agents' actions. Dearborn fails to identify why Plaintiff should be precluded from doing so.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 3
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

Instead, Dearborn merely attempts to rehash factual arguments already made in its summary judgment motion. But because that motion was denied, and the Court made clear that the jury will decide whether Mr. Meitl is an agent of Dearborn for purposes of vicarious liability, Dearborn's motion is without merit.

**4. All evidence, testimony, or argument of counsel about severance offers made or severance paid by Dearborn National to any non-party individual (D).**

Dearborn attempts to argue that the fact that others were given severance amounts in accordance with Dearborn's established severance policy should be excluded as irrelevant and unduly prejudicial. Because this is a central, non-prejudicial *fact*, this motion should be denied.

Dearborn's argument that the other severance awards have "absolutely nothing to do with any of the[] necessary legal elements" of Plaintiff's claims is unsupportable. Dkt. 39, p. 9. Indeed, the central argument that has been presented by Plaintiff to date, and will be presented at trial, is precisely what Dearborn attempts to exclude: "because affected individuals who were employed by Dearborn National at the time of the RIF were provided with severance payments, Dreis should also have received such a payment." *Id*. It is also notable that, as mentioned above, Dearborn itself intends to call another employee who received a severance, and has also included several exhibits that detail the same. The fact that other employees were given a severance, in line with the established severance policy, is highly relevant and central to Plaintiff's case.

Similarly, Dearborn offers no explanation of how any unfair prejudice would befall Dearborn from the admission of such evidence. Far from being unfairly prejudicial if Plaintiff were to offer evidence that other employees were provided severance, failing to do so would be unduly prejudicial to *Plaintiff*, as well as highly misleading and confusing to the jury. The jury would be left to wonder why Mr. Dreis believes he was entitled to a severance if no other employee at Dearborn was given severance. Allowing the jury to reach such a conclusion would be directly contrary to the facts and precisely what Fed. R. Evid. 403 prohibits. The Court

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 4
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

should deny Dearborn's attempt to shield the jury from undisputed, relevant, and frankly, mundane, facts.

To the extent Dearborn seeks only to exclude the *amount* of such severance awards, Plaintiff does not intend to present evidence of the precise monetary payment given to each employee, other than the severance paid to testifying witnesses, Mr. Meitl, Mr. Healy, and Mr. Lazaro. Plaintiff has redacted his exhibits accordingly.

**5. All evidence, testimony, or argument of counsel about alleged hearsay statements by Larry Meitl to non-party individuals about the nature or amount of severance payments to be made by Dearborn National (E).**

Hearsay statements that do not fall under any exception are obviously inadmissible. However, the nature of the hearsay rule and its numerous exceptions make it impossible for the Court to rule *in limine* on what may or may not constitute hearsay before a witness testifies. *See Weiss v. La Suisse, Society D'Assurances Sur La Vie,* 293 F. Supp.2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to exclude evidence for a "lack[ ] of specificity[,]" stating "[n]o particular documents or testimony have been identified in the motion"); *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,* 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."). Dearborn's motion should be denied.

**6. All evidence, testimony, or argument of counsel about alleged violations of the policies of Dearborn or Dearborn parent company Health Care Service Corporation ("HCSC") by Dearborn National or Dearborn National employees (F).**

By way of background, and as discussed in Plaintiff's summary judgment briefing, Dearborn had specific RIF and severance payment policies that were in place prior to the 2013 RIF. The testimony has been unequivocal that these applied to Mr. Dreis. The policy required Dearborn to comply with specific steps to implement the RIF. In pertinent part, the following was required:

- "A RIF separation packet shall be prepared for affected fulltime employees…"

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 5
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

- "After the affected employee has been notified by management of his/her or her job elimination, Employee Services shall present the RIF separation packet to affected employees."
- "During presentation of the RIF package to RIF employees, Employee Services will specifically discuss … Separation Benefits."
- "At the conclusion of the presentation, Employee Services will provide the employee with copies of the above referenced documentation."

Allen Decl., Ex. 3. Plaintiff's position at trial will be that because Mr. Dreis was unequivocally notified on January 7 that his job was being terminated pursuant to the RIF, Dearborn had an obligation to comply with the above steps. It will be up to the jury to determine if failure to do so amounted to misrepresentation or fraud.

Dearborn's motion to preclude Plaintiff from presenting evidence of violations of its own internal policies is not well taken—and should be denied—for several independent reasons.

First, under established Washington law, a violation of a defendant's own policies is direct evidence of negligence. And in fact, Washington courts hold that it is actually appropriate to instruct the jury as much. *See, e.g., Van Hook v. Anderson*, 64 Wn. App. 353, 824 P.2d 509 (1992); *Adcox v. Children's Orthopedic Hosp.*, 123 Wn.2d 15, 37-38, 864 P.2d 921 (1993) (approving jury instructions, including one which "told the jury a hospital nursing staff 'is obligated' to follow hospital rules and policies, and violation of rules or policies, while not necessarily constituting negligence, could be considered in determining negligence"); *Joyce v. State, Dept. of Corrections*, 155 Wn.2d 306,119 P.3d 825 (2005) ("Internal directives, department policies, and the like may provide evidence of the standard of care and therefore be evidence of negligence.").

Second, Dearborn misapprehends the relevancy of its policies. Such policies are not relevant to show breach of contract or wrongful withholding, but instead, are direct evidence of negligent misrepresentation and fraud. Under WPI 154.01, Plaintiff must show that Dearborn

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 6
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

was negligent in obtaining or communicating false information. The fact that policies were in place that were obtainable and Mr. Meitl failed to obtain them, is highly probative of his negligence. Moreover, under WPI 165.02, Plaintiff must show that Dearborn had a duty to disclose the amount of Mr. Dreis's severance. The fact that policies existed that explicitly required this disclosure is highly relevant, if not determinative, to Plaintiff's failure to disclose claim. Finally, under Plaintiff's fraud claim and WPI 160.04, Plaintiff must show that Dearborn misrepresented an "existing fact." The existing fact is the actual severance amount—the fact that there was a policy in place that required notice be given to effected employee is highly relevant to plaintiff's fraud claim.

And once again, Dearborn's arguments are incongruous with its own submissions to this Court, because Dearborn itself has included its "Termination of Employment Policy" in its exhibit list. Allen Decl., Ex. 2, p. 12. Dearborn's RIF policies are plainly relevant.

Third, Dearborn's argument that the policies did not apply to Mr. Dreis because he was no longer an employee on February 19 begs the question and ignores the central tenet of Plaintiff's claims: had Dearborn's agents not negligently misrepresented the contents of those policies and specifically told Mr. Dreis that his job was being eliminated while failing to provide the information the policies require, he would not have resigned and would have been around for them to apply to him. Moreover, because Mr. Meitl notified Mr. Dreis that he was officially subject to the RIF on January 7, the RIF policy unquestionably applied to Mr. Dreis from that date until the date of his resignation.

Lastly, Dearborn's protestation that "such arguments could give the jury a mistaken and misleading understanding that Dearborn National unfairly administered the 2013 RIF" identifies precisely what Plaintiff intends to *properly* argue at trial—that Dearborn not only *unfairly administered the RIF*, it committed misrepresentation and fraud in the process. There is no basis to exclude argument and/or evidence of Dearborn's policies and its violations thereof.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 7
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**7. All evidence, testimony, or argument of counsel about Dreis's last day of employment with Dearborn National being any day other than February 4, 2015 (G).**

**8. All evidence, testimony, or argument of counsel about Dreis giving "two weeks' notice" to Dearborn National (H).**

In both its seventh and eighth motions in limine, Dearborn inexplicably seeks exclusion of the basic factual circumstances surrounding Mr. Dreis's termination. Namely, that (1) while he originally resigned on February 4, Dearborn then asked him to redo that resignation on February 5 and (2) in that resubmitted resignation, Mr. Dreis gave two weeks' notice. Once again, Dearborn seeks to exclude relevant, non-prejudicial evidence that this Court has already deemed pertinent to the issues presented by this case.

Dearborn ignores that this Court has already found that this evidence is relevant to show a "special relationship" between Mr. Meitl and Mr. Dreis. The Court noted:

> There is also the strange and inadequately explained set of facts relating to Mr. Meitl's request that Mr. Dreis change the date on his resignation letter. When the evidence is viewed in the light most favorable to Mr. Dreis, a jury could conclude by clear, cogent, and convincing evidence that Mr. Meitl had relevant knowledge sufficient both to support a special relationship between Mr. Dreis and Mr. Meitl and to hold Dearborn National liable for Mr. Meitl's failure to disclose that information.

Dkt. 35, p. 9.

In addition to ignoring this Court's Order, Dearborn's argument that Mr. Dreis should be precluded, *in limine*, from testifying in contradiction to his deposition testimony is misplaced for two reasons: (1) testimony that is contrary to prior testimony under oath is subject to impeachment, not exclusion in limine and (2) Mr. Dreis's subjective belief as to the date of his official last day of work does not shed light on the relevant question, which is what *Dearborn* considered to be his last day—particularly in light of the fact that Dearborn paid Mr. Dreis for two more weeks.

All of these points should be presented to the jury for resolution, not excluded *in limine*. The Court should deny Dearborn's seventh and eighth motions in limine.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 8
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**9. Any reference to dispositive motions in this case or the Court's rulings thereon (I).**

Plaintiff agrees that reference to either parties' dispositive motions is improper and should be excluded.

**10. The use of deposition transcript or video recording excerpts for any purpose other than impeachment or for truly unavailable witnesses, or of Dearborn National's 30(b)(6) representative's testimony, which may be used for any purpose (J).**

Although Dearborn concedes that its Fed. R. Civ. P. 30(b)(6) witness's deposition can be used for any purpose under Fed. R. Civ. P. 32(a)(3), Dearborn disregards and omits the additional, critical language of the rule, which reads:

> (*Deposition of Party, Agent, or Designee*) An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's *officer*, *director*, *managing agent*, or designee under Rule 30(b)(6) or 31(a)(4).

(emphasis added). Review of the rule in its entirety demonstrates that the depositions of Ms. Kozlowksi (Dearborn's Senior Director of Human Resources), Mr. Griffin (Dearborn's Senior Vice President), and Mr. Meitl (Dearborn's Regional Vice President of the West Region) can be used at trial for any purpose.

Furthermore, regardless of their titles, each of these witnesses are also properly considered "managing agents" of Dearborn. The test as to whether a witness is considered a "managing agent" focuses on the deponent's duties, rather than the title or position held, and the functions performed in furthering the party's activities and interests. *Young & Associates Pub. Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523 (D. Utah 2003). Numerous courts have found that although a particular employee may not be a "higher-up managing agent in the course of his everyday duties," where he is a managing agent on the subject matter at issue, that is sufficient. *Botell v. United States*, 2013 WL 360410, at *6 (E.D. Cal. Jan. 29, 2013); *see also Kolb v. A. H. Bull S. S. Co.*, 31 F.R.D. 252, 254 (E.D.N.Y. 1962) (employee found to be managing agent because even though he was under a higher authority, he had authority concerning the subject matter of the litigation); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) (finding employee managing agent because she was only

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 9
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

employee with knowledge of events precipitating lawsuit); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co., Inc.,* 176 F.R.D. 75, 79 (W.D.N.Y. 1996) (compelling deposition of retired officer who had unique knowledge of matters involved in litigation); *Calgene, Inc. v. Enzo Biochem,* 1993 WL 645999, at *8 (E.D. Cal. Aug. 23, 1993) (inventor of patent who was also a consultant and advisory board member was managing agent because he had "power regarding the subject matter of the litigation").

Here, Dearborn entrusted each of these witnesses with significant authority and each had a central role in implementing the 2013 RIF. Each had a high-level managerial position, was permitted to act on Dearborn's behalf, and did so extensively. Dearborn cannot now argue—after vesting each of these witnesses with an enormous amount of authority—that they are not managing agents. Accordingly, Plaintiff should be permitted to use the depositions of Mr. Meitl, Ms. Kozlowski, Mr. Burghard, and Mr. Griffin for any purpose at trial because each witness is either a Rule 30(b)(6) representative, an officer, a director, or a managing agent of Dearborn.

In addition to its attempt to side step the unequivocal language of the Rule, Dearborn also (1) misapplies the case law pertaining to the courts' preference for live testimony over other forms of testimony and (2) attempts to graft on an additional requirement of "availability" onto Fed. R. Civ. P. 32. The preference for live testimony over deposition is only at issue when the deposition testimony does not meet one of the exceptions enumerated in Fed. R. Civ. P. 32(a)(3). When it does, the deposition may plainly be "used for any purpose;" there is no requirement of "unavailability" as argued by Dearborn. And it is notable that Dearborn cites to no authority for this proposition.

Lastly, counsel will have the opportunity in advance of trial to see which portions of the deposition transcripts are designated and to lodge any objections or designate additional testimony under Fed. R. Evid. 106. Accordingly, Dearborn's concerns regarding being unable to "properly identify other portions of the transcripts or recordings that in fairness should also be considered" are unfounded. Dkt. 39, p. 15.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 10
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

Because there is no authority for the proposition that the use of depositions of Dearborn's managing agents is inconsistent with the Federal Rules of Civil Procedure, or that it has any potential to confuse or mislead the jury, Dearborn's motion should be denied.

DATED this 10th day of August, 2015.

        **PETERSON | WAMPOLD**
        **ROSATO | LUNA | KNOPP**

        */s/Mallory C. Allen*
        */s/ Michael S. Wampold*
        Mallory C. Allen, WSBA No. 45468
        Michael S. Wampold, WSBA No. 26053
        Attorneys for Plaintiff
        1501 4th Avenue, Suite 2800
        Seattle, WA 98101
        Ph. (206) 624-6800
        allen@pwrlk.com
        wampold@pwrlk.com

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 11
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated**: August 10, 2015

/s/ Elizabeth Chandler
Elizabeth Chandler, Paralegal
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. 206-624-6800
Email: elizabeth@pwrlk.com

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTIONS IN LIMINE- 12
CASE NO. 2:14-CV-00620-MJP
93177

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415