The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIEN DREIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEARBORN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>　　　　　Defendant. | Case No. 2:14-cv-00620-MJP<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***<br><br><br><u>NOTE ON MOTION CALENDAR</u>:<br>August 14, 2015 |

## I.　　INTRODUCTION AND RELIEF REQUESTED

In his motions *in limine*, Plaintiff Damien Dreis ("Dreis") requests that the Court exclude evidence related to two affirmative defenses raised by Defendant Dearborn National Life Insurance Company ("Dearborn National"): (a) comparative fault (i.e., contributory negligence), and (b) failure to mitigate damages. Dearborn National has withdrawn its defense of failure to mitigate, so Dreis's motion is moot with respect to that defense. With respect to Dearborn National's comparative fault defense, Dreis's sole basis for urging the Court to exclude evidence of Dreis's negligence is that Dearborn National allegedly lacks evidence to support this defense. Were this true, there would be no need to exclude the evidence. But, it is false—abundant evidence supports the conclusion that Dreis was negligent. Accordingly, Dearborn National requests that the Court deny Dreis's motion to exclude evidence of Dreis's negligence.

**DEFENDANT'S OPPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* -** 1
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## II. FACTS

### A. Dearborn National Has Withdrawn Its Affirmative Defense of Failure to Mitigate

In Dearborn National's Pretrial Statement and in the parties' subsequent LCR 16(k) conference, counsel for Dearborn National informed counsel for Dreis that Dearborn National is withdrawing its defense of failure to mitigate. Declaration of Thomas P. Holt in Support of Defendant's Opposition to Plaintiff's Motions *in Limine* ("Holt Decl."), ¶ 2. Accordingly, Dreis's motion *in limine* with regarding failure to mitigate is moot, and should be denied as such.

### B. Abundant Evidence Supports Dearborn National's Defense that Dreis's Damages, If Any, Were Caused by His Own Negligence

In his motions *in limine*, Dreis contends that no evidence exists that he bears a measure of fault for resigning prior to the February 19, 2013 RIF notification date at Dearborn National. (*See* ECF No. 36 at 3:4–9.) In other words, Dreis now asserts that he did not voluntarily resign, and that his resignation was solely and completely attributable to Larry Meitl (and so, according to Dreis, to Dearborn National).

This assertion is false:

- When deposed, Dreis testified, in reference to Dearborn National's Reduction in Force policy, "If I was aware of it, then there would have been a different outcome here." Transcript of Deposition of Damien Dreis ("Dreis Dep.," Ex. A to Holt Decl.), at 19:19–20. Dreis later explicitly clarified, "had I know what [the RIF policy] was and the wording of it, then after my regional vice president notified me that my job would be eliminated, then I would have referenced this and known that I should have been awarded a separation package at that time." *Id.* at 38:14–18. Dreis also admits, however, that he is "sure" that he visited HCSC's website where Dearborn National's employment policies were maintained during his employment. *Id.* at 20:6–17. There is also no dispute that the policy in question was always freely available on this website, and that Dreis simply did not bother to read it. *See* Defendant's Motion for Summary Judgment (ECF No. 15), at

**DEFENDANT'S OPPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* -** 2
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

14:23–25.

- Dreis testified that, although he claims that he made the decision to resign based on his supervisor Larry Meitl allegedly telling him that any severance offer from Dearborn National would be "minimal" or "two weeks max," he never made any effort of any kind to verify that this was in fact accurate. *See* Dreis Dep. at 116:12–14.
- Dreis testified, "I wish I would have asked HR," but that he made no effort to do so. *Id.* at 116:18–19.
- Dreis agreed that speaking to HR would have been a simple "step that [he] could have taken to verify" the "severance amount," but that he did not do it anyway. *Id.* at 117:1–5.
- It is undisputed that, on January 9, 2013, Dearborn National announced via a company-wide email that layoff notifications would occur in "late February or early March" of 2013, that Dreis "received" this email "and looked at it," and that Larry Meitl separately explicitly told Dreis that actual severance offers would be made in "late February, early March." *See* Defendant's Motion for Summary Judgment (ECF No. 15), at 10:7–18. Notwithstanding these communications that he admits receiving, Dreis resigned anyway, "effective today," on February 4, 2013.
- Even were the jury to accept the claim that Larry Meitl told Dreis that any severance would be "two weeks max," two weeks of pay for Damien Dreis under his 2013 pay rate—the rate that would have been used for his severance offer—was $23,376.15 (two weeks of pay at an annual rate of $607,779.84). *See* Plaintiff's Motion for Partial Summary Judgment (ECF No. 17) at 2:7. Thus, even were the jury to accept all of Dreis's arguments in their entirety, it would still have to conclude that Dreis *intended* to abandon more than $20,000 he would otherwise have been offered by Dearborn National.

### III. AUTHORITY AND ARGUMENT

The Court has broad discretion to make "evidentiary rulings conducive to the conduct of a fair and orderly trial." *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

DEFENDANT'S OPPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 3
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

For the reasons discussed below, the Court should exercise its discretion to permit Dearborn National to present evidence and argument related to its defense of comparative fault.

### A. Comparative Fault Applies to Negligent Misrepresentation Claims

Notably, in Dreis's motion *in limine* seeking to exclude evidence and argument related to Dreis's negligence, Dreis does *not* contend that the defense of contributory negligence is inapplicable in this case as a matter of law. (*See generally* ECF No. 36, at 2:15–3:10.) This is unsurprising. The Washington Supreme Court has expressly held that a "negligent misrepresentation claim is the type of action for which the uniform comparative fault statute applies." *ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 831, 959 P.2d 651 (1998) ("The uniform comparative fault statute applies to any action that is (1) based on fault and (2) seeks recovery for 'harm to property.' The statute defines fault as 'acts or omissions . . . that are in any measure negligent . . . toward the person or property of the actor or others . . . .'") (citing RCW 4.22.015). Put simply, the defense of contributory negligence is available under Washington law for claims of negligent misrepresentation, and so is available in this case.

### B. Abundant Evidence Supports Negligence on the Part of Mr. Dreis

Because no legitimate argument exists that the defense of contributory negligence is inapplicable in this case, Dreis instead contends "Dearborn cannot—and has not—established the Mr. Dreis had, or breached, any duty as an employee *to his employer*" (ECF No. 36, at 3:2–4) (emphasis added), and so Dearborn cannot present "substantial evidence" that Dreis was negligent. (*Id.* at 2:26.) This misstates the relevant inquiry.

The applicable duty is not a duty Dreis might have had *to Dearborn National*. Dearborn is not alleging that any damages that Dreis allegedly suffered should be reduced because Dreis breached a duty to (and thus harmed) Dearborn National. Indeed, harm that Dreis's actions may have caused Dearborn National is completely irrelevant to Dearborn National's contributory negligence defense. Rather, as with *every case* where comparative fault is asserted, the relevant inquiry is whether, even if the defendant were negligent, some share of the plaintiff's harm

DEFENDANT'S OPPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 4
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

resulted not from the defendant's negligence, but instead from the plaintiff's own conduct. *See* RCW 4.22.070(1) ("In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages . . . . The entities whose fault shall be determined *include the claimant or person suffering personal injury or incurring property damage* [as well as the] defendant[].") (emphasis added).

With respect to the assertion that Dearborn National cannot present "substantial evidence" of Dreis's own fault, this is an inquiry that is made at the close of the evidence and which relates to whether the jury should be *instructed* on comparative fault. It does not relate to whether a defendant may be precluded from *presenting evidence* of comparative fault in the first instance. This is made clear by the only cases to which Dreis himself cites in support of his motion, all of which involve determinations that a defendant failed to present evidence of the plaintiff's fault at trial although it was entitled to do so, and thus that the jury should not be given a comparative fault instruction. *See Boley v. Larson*, 69 Wn.2d 621, 624, 419 P.2d 579 (1966) (issue was submission of "plaintiff's alleged contributory negligence *to the jury*"; no mention of exclusion of evidence related to contributory negligence at trial); *Humes v. Fritz Companies, Inc.*, 125 Wn. App. 477, 482, 105 P.3d 1000 (2005) (where the trial court had previously granted summary judgment on issue of comparative fault, the court did not err when it declined to instruct the jury on that defense anyway); *Roberts v. Larsen*, 71 Wn.2d 743, 744, 431 P.2d 166 (1967) ("If there is no evidence of contributory negligence, it is error to *submit the issue to the jury*.") (emphasis added).

Given that Dreis has not moved for summary judgment on this issue, there is no legal support whatsoever for the proposition that Dearborn National must meet some preliminary evidentiary threshold prior to trial in order to be able to introduce evidence in support of its defense. This is why Dreis offers none.

In any event, even if there were such a threshold (and there is not), as set forth above,

DEFENDANT'S OPPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 5
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1  Dreis's own testimony contains abundant evidence that Dreis was negligent in his inquiries
2  regarding potential severance offers that Dearborn National might make as part of the 2013 RIF,
3  and was wholly at fault for his own resignation.
4      Dreis's attempt to exclude evidence of his own fault from trial is without legal or factual
5  merit. The Court should reject it.

## IV. CONCLUSION

Dearborn National has withdrawn its affirmative defense of failure to mitigate. Accordingly, Dreis's motion with respect to evidence related to that defense is moot and should be denied. Dearborn National respectfully requests that the Court also deny Dreis's motion with respect to Dearborn National's defense of comparative fault for the reasons set forth above.

Dated: August 10, 2015

*/s/ Thomas P. Holt*
Thomas P. Holt, WSBA No. 39722
tholt@littler.com
James G. Zissler, WSBA No. 30287
jzissler@littler.com
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone:    206.623.3300
Facsimile:    206.447.6965

Attorneys for Defendant
DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation

**DEFENDANT'S OPPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* - 6**
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on August 10, 2015, I electronically filed the foregoing **DEFENDANT'S OPPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable Marsha J. Pechman and to the following:

**Attorneys for Plaintiff**

**Michael S. Wampold, WSBA #26053**
**Mallory C. Allen, WSBA #45468**
**PETERSON WAMPOLD ROSATO LUNA KNOPP**
**1501 Fourth Ave., Suite 2800**
**Seattle, WA 98101-1609**

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated August 10, 2015

                                         */s/ Leili Moore*
                                         Leili Moore
                                         LEMoore@littler.com
                                         **LITTLER MENDELSON, P.C.**

Firmwide:135231626.1 075686.1002

**DEFENDANT'S OPPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*** - 7
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300