UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

                    Plaintiff,

        v.

DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation,

                  Defendant.

NO. 2:14-CV-00620-MJP

AGREED PROPOSED
INSTRUCTIONS TO THE JURY

The parties submit the following proposed jury instructions.

DATED this 19th day of August, 2015.

**Peterson | Wampold**
**Rosato | Luna | Knopp**

**Littler Mendelson, P.C.**

*/s/Mallory C. Allen*
*/s/Michael S. Wampold*
Mallory C. Allen, WSBA No. 45468
Michael S. Wampold, WSBA No. 26053
Attorneys for Plaintiff
1501 4th Avenue, Suite 2800
Seattle, WA  98101
Ph. (206) 624-6800
allen@pwrlk.com
wampold@pwrlk.com

*/s/Thomas P. Holt*
*/s/James Zissler*
Thomas P. Holt, WSBA No. 39722
James Zissler, WSBA No. 30287
Attorneys for Defendant
600 University Street, Suite 3200
Seattle, WA  98101
Ph. (206) 623-3300
tholt@littler.com
jzissler@littler.com

AGREED PROPOSED INSTRUCTIONS TO
THE JURY - 1
CASE NO. 2:14-CV-00620-MJP
93460

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

# I.     TABLE OF CONTENTS

| Party | Title | Source | Page No. | Number |
|-------|-------|--------|----------|--------|
| Plaintiff | Burden of Proof | Modified from 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 165.05 (6th ed.) (Negligent Misrepresentation—Clear, Cogent, And Convincing Evidence), WPI 160.02 (Fraud—Burden of Proof), and WPI 21.01 (Meaning of Burden of Proof—Preponderance of the Evidence). | 3 | 2 |
| Plaintiff | Proximate Cause | WPI 15.01 (6th ed.). | 4 | 3 |
| Plaintiff | Negligent Misrepresentation—Affirmative Misstatement—Burden of Proof on the Issues | WPI 165.01 (modified). | 5 | 5 |
| Plaintiff | Fraud—Burden of Proof on the Issues | WPI 160.04. | 6 | 8 |
| Plaintiff | Wages | RCW 49.46.010; RCW 49.48.082(10); Barrett v. Weyerhaeuser Co. Severance Pay Plan, 40 Wn. App. 630, 633, 700 P.2d 338 (1985); Moore v. Blue Frog Mobile, Inc., 153 Wn. App. 1, 221 P.3d 913 (2009); Durand v. HIMC Corp., 151 Wn. App. 818, 833, 214 P.3d 189 (2009). | 7 | 9 |

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

# II.    JURY INSTRUCTIONS

## Instruction No. 2

### Burden of Proof

You will be asked to apply different burdens of proof on different questions.

When it is said that a party must prove or has the burden of proof by a preponderance of the evidence, it means that you must be persuaded, considering all the evidence in the case bearing on the question, that the proposition on which that party has the burden of proof is more probably true than not true.

When it is said that a party must prove or has the burden of proof by clear, cogent, and convincing evidence, this means that the element must be proved by evidence that carries greater weight and is more convincing than a preponderance of evidence.  Clear, cogent, and convincing evidence exists when occurrence of the element has been shown by the evidence to be highly probable.  However, it does not mean that the element must be proved by evidence that is convincing beyond a reasonable doubt.

Modified from 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 165.05 (6th ed.) (Negligent Misrepresentation—Clear, Cogent, And Convincing Evidence), WPI 160.02 (Fraud—Burden of Proof), and WPI 21.01 (Meaning of Burden of Proof—Preponderance of the Evidence).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

## Instruction No. 3

### Proximate Cause

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

WPI 15.01 (6th ed.).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Instruction No. 5**

<u>Negligent Misrepresentation—Affirmative Misstatement—Burden of Proof on the Issues</u>

Plaintiff has the burden of proving by clear, cogent, and convincing evidence each of the following elements for the claim of negligent misrepresentation by affirmative misstatement:

(1) that Dearborn National supplied information for the guidance of others in their business transactions that was false;

(2) that Dearborn National knew or should have known that the information was supplied to guide Mr. Dreis in business transactions;

(3) that Dearborn National was negligent in obtaining or communicating the false information;

(4) that Mr. Dreis relied on the false information;

(5) that Mr. Dreis's reliance on the false information was reasonable; and

(6) that the false information proximately caused damages to Mr. Dreis.

If you find from your consideration of all the evidence that each of these elements has been proved, your verdict should be for Mr. Dreis on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for Dearborn National on this claim.

WPI 165.01 (modified).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Instruction No. 8**

Fraud—Burden of Proof on the Issues

Plaintiff has the burden of proving by clear, cogent, and convincing evidence each of the following elements on his claim of fraud:

(1) that Dearborn National made a representation of existing fact;

(2) that the fact represented was material;

(3) that the representation was false;

(4) that Dearborn National knew the representation was false;

(5) that Mr. Dreis did not know that the representation was false;

(6) that Dearborn National intended that Mr. Dreis would act upon the representation;

(7) that Mr. Dreis had a right to rely on the truth of the representation;

(8) that Mr. Dreis did rely on the truth of the representation; and

(9) that Mr. Dreis was damaged by reliance on the representation.

If you find from your consideration of all the evidence that each of these elements has been proved, your verdict should be for Mr. Dreis on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for Dearborn National on this claim.

WPI 160.04.

AGREED PROPOSED INSTRUCTIONS TO
THE JURY - 6
CASE NO. 2:14-CV-00620-MJP
93460

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1

**Instruction No. 9**

2

<u>Wages</u>

3

    "Wages" includes any compensation owed to an employee on account of his

4

employment.  Severance payments are a form of wages.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

RCW 49.46.010; RCW 49.48.082(10); *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 40 Wn.

App. 630, 633, 700 P.2d 338 (1985); *Moore v. Blue Frog Mobile, Inc.*, 153 Wn. App. 1, 221 P.3d

25

913 (2009) (applying RCW 49.52 to withheld severance payments); *Durand v. HIMC Corp.*, 151

26

Wn. App. 818, 833, 214 P.3d 189 (2009) (upholding wrongful withholding of wages claim based

on unpaid severance).

AGREED PROPOSED INSTRUCTIONS TO
THE JURY - 7
CASE NO. 2:14-CV-00620-MJP
93460

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated**: August 19, 2015

                                         **PETERSON | WAMPOLD**
                                         **ROSATO | LUNA | KNOPP**

                                         */s/ Elizabeth Chandler*
                                         Elizabeth Chandler, Paralegal
                                         1501 4th Avenue, Suite 2800
                                         Seattle, WA  98101
                                         Ph. 206-624-6800
                                         Email:  elizabeth@pwrlk.com

AGREED PROPOSED INSTRUCTIONS TO
THE JURY - 8
CASE NO. 2:14-CV-00620-MJP
93460

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415