Honorable Marsha J. Pechman
Trial Date: September 8, 2015

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DAMIEN DREIS,

               Plaintiff,

    v.

DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation,

            Defendant.

NO. 2:14-CV-00620-MJP

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS

     The parties jointly submit the following disputed jury instructions.

     DATED this 19th day of August, 2015.

**Peterson | Wampold**
**Rosato | Luna | Knopp**


/s/Mallory C. Allen
/s/Michael S. Wampold
Mallory C. Allen, WSBA No. 45468
Michael S. Wampold, WSBA No. 26053
Attorneys for Plaintiff
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. (206) 624-6800
allen@pwrlk.com
wampold@pwrlk.com

**Littler Mendelson, P.C.**


/s/Thomas P. Holt
/s/James Zissler
Thomas P. Holt, WSBA No. 39722
James Zissler, WSBA No. 30287
Attorneys for Defendant
600 University Street, Suite 3200
Seattle, WA 98101
Ph. (206) 623-3300
tholt@littler.com
jzissler@littler.com

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 1
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

## I.    TABLE OF CONTENTS

| Party | Title | Source | Page No. | Number |
|-------|-------|--------|----------|--------|
| Plaintiff | Claims and Defenses | 9th Circuit Model Federal Jury Instructions 1.2. | 4 | 1 |
| Plaintiff | Agency—Apparent and Actual Authority | Modified from WPI 50.03 (Act of Agent is Act of Principal), WPI 50.02 (Agent—Scope of Authority Defined), WPI 50.02.01 (6th ed.) (Agent—Scope of Apparent Authority Defined), and WPI 50.07 Principal Sued But Not Agent—Agency or Authority Defined). | 6 | 4 |
| Plaintiff | Negligent Misrepresentation—Failure To Disclose Information—Burden of Proof on the Issues | WPI 165.02 (modified). | 12 | 6 |
| Plaintiff | Negligent Misrepresentation—Failure To Disclose Information—Duty To Disclose | WPI 165.03. | 16 | 7 |
| Plaintiff | Damages | 9th Circuit Model Federal Jury Instructions 5.1 and 5.2; RCW 4.56.250; WPI 30.01.01; Nord v. Shoreline Sav. Ass'n, 116 Wn.2d 477, 805 P.2d 800 (1991); see also Bloor v. Fritz, 143 Wn. App. 718, 180 P.3d 805 (2008); Sprague v. Frank J. Sanders Lincoln Mercury, Inc. 120 Cal. App. 3d 412, 174 Cal. Rptr. 608 (5th Dist. 1981). | 19 | 10 |
| Plaintiff | Internal Policies | WPI 60.03 Violation of Statute, Ordinance, | 22 | 11 |

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

| | | Administrative Rule, or Internal Governmental Policy—Evidence of Negligence (modified); *see also Van Hook v. Anderson*, 64 Wn. App. 353, 824 P.2d 509 (1992); *Adcox v. Children's Orthopedic Hosp.*, 123 Wn.2d 15, 37-38, 864 P.2d 921 (1993); *Joyce v. State, Dept. of Corrections*, 155 Wn.2d 306,119 P.3d 825 (2005). | | |
|---|---|---|---|---|
| Defendant | Negligence—Adult—Definition | WPI 10.01 (6th ed.) | 24 | 2 |
| Defendant | Ordinary Care—Adult—Definition | WPI 10.02 (6th ed.) | 26 | 3 |
| Defendant | Contributory Negligence—Definition | WPI 11.01 (6th ed.) | 28 | 4 |
| Defendant | Determining the Degree of Contributory Negligence | WPI 11.07 (6th ed.) | 30 | 5 |

## II.    JURY INSTRUCTIONS

### Plaintiff's Proposed Instruction No. 1[1]

<u>Claims and Defenses</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Damien Dreis has three claims against the defendant, Dearborn National Life Insurance Company.  Those three claims are:

1.  That Dearborn National committed negligent misrepresentation through affirmative misstatement;

2.  That Dearborn National committed negligent misrepresentation through failure to disclose; and

---

[1] 9th Circuit Model Federal Jury Instructions 1.2.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 3
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

1
2
          3.   That Dearborn National committed fraud.

3
          Except where I will instruct you otherwise, Mr. Dreis has the burden of proving each of
these three claims.

4
          Dearborn National denies those claims.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 4
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 1**

<u>Claims and Defenses</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Damien Dreis, has three claims against the defendant, Dearborn National Life Insurance Company:

1. That Dearborn National engaged in negligent misrepresentation through an affirmative misstatement to him;

2. That Dearborn National engaged in negligent misrepresentation by failing to disclose information that he was entitled to know; and

3. That Dearborn National engaged in fraud.

The plaintiff has the burden of proving these claims.

The defendant denies these claims and also contends that Damien Dreis's own negligence contributed to any damages he might have suffered. Dearborn National has the burden of proof on this affirmative defense.

Authority: 9th Circuit Model Federal Civil Jury Instructions 1.2

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's Proposed Instruction No. 1 improperly omits Defendant's affirmative defense of contributory negligence. Ninth Circuit Model Federal Civil Jury Instructions 1.2 specifically includes affirmative defenses, so this omission is improper. The Restatement (Second) of Torts ("Restatement"), which governs negligent misrepresentation claims under Washington law, expressly allows the defense of contributory negligence for negligent misrepresentation claims. *See* Restatement § 552A ("The recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying.").

Plaintiff's Proposed Instruction No. 1 also improperly inserts the phrase "Except where I will instruct you otherwise" with respect to plaintiff's burden of proof. This is error. There are no circumstances under which plaintiff does not bear the burden of proving his claims. This insertion misleads the jury.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Proposed Instruction No. 4[2]**

<u>Agency—Apparent and Actual Authority</u>

One of the issues for you to decide is whether Mr. Meitl was acting within the scope of authority. Plaintiff has the burden of proving agency by a preponderance of the evidence.

An agent is acting within the scope of authority if the agent is either acting with (a) actual authority or (b) apparent authority.

(a) An agent is acting within scope of actual authority if the agent is performing duties that were expressly or impliedly assigned to the agent by the principal or that were expressly or impliedly required by the contract of employment. Likewise, an agent is acting within the scope of authority if the agent is engaged in the furtherance of the principal's interests.

(b) Apparent authority may only be inferred from the words or conduct of Dearborn National. Apparent authority cannot be inferred from the words or conduct of Mr. Meitl. To establish that Mr. Meitl was acting within the scope of apparent authority, Mr. Dreis has the burden of proving each of the following propositions:

1. First, that the words or conduct of Dearborn National conveyed to Mr. Dreis that Mr. Meitl had the authority to perform the particular act on Dearborn National's behalf;

2. Second, that the words or conduct of Dearborn National actually led Mr. Dreis to believe that Mr. Meitl had the authority to so act; and

3. Third, that the words or conduct of Dearborn National would have led a reasonably careful person under the circumstances to believe that Mr. Meitl had the authority to so act.

If you find that Mr. Meitl was acting within the scope of authority, then any act or omission of Mr. Meitl was the act or omission of Dearborn National.

If you do not find that Mr. Meitl was acting within the scope of authority, then Dearborn National is not liable for Mr. Meitl's actions.

---

[2] Modified from WPI 50.03 (Act of Agent is Act of Principal), WPI 50.02 (Agent—Scope of Authority Defined), WPI 50.02.01 (6th ed.) (Agent—Scope of Apparent Authority Defined), and WPI 50.07 Principal Sued But Not Agent—Agency or Authority Defined).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Amended Proposed Jury Instruction No. 4 (Part 1)**

<u>Agent and Principal—Definition</u>

An agent is a person employed under an express or implied agreement to perform services for another, called the principal, and who is subject to the principal's control or right to control the manner and means of performing the services.

Authority: WPI 50.01 (6th ed.) (unmodified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's Amended Proposed Instruction No. 4 improperly combines several WPIs that cover different aspects of the agency relationship. These instructions are intended to be given separately, and Plaintiff's proposed instruction improperly collapses them and alters their intended meaning by, among other things, omitting the definition of the agency relationship. *See* WPI 50.01, "Note on Use" (directing the use of WPI 50.01 "when there is an issue as to the existence of agency"). Part 1 of Defendant's proposed alternative instructions follows the WPIs exactly without Plaintiff's unnecessary and erroneous alterations.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Amended Proposed Jury Instruction No. 4 (Part 2)**

<u>Agent—Scope of Authority Defined</u>

One of the issues for you to decide is whether Larry Meitl was acting within the scope of his authority.

An agent is acting within the scope of authority if the agent is performing duties that were expressly or impliedly assigned to the agent by the principal or that were expressly or impliedly required by the contract of employment.

Authority: WPI 50.02 (6th ed.) (unmodified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Please refer to the explanation for Defendant's objection to Plaintiff's Amended Proposed Instruction No. 4 (Part 1). *See also* WPI 50.02, "Note on Use." Defendant's alternative instruction is the unmodified version, and is used as directed by the Note on Use. Plaintiff's proposed instruction, in contrast, is collapsed, edited, and modified in order to change the meaning of the instructions it incorporates.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Amended Proposed Jury Instruction No. 4 (Part 3)**

<u>Act of Agent is Act of Principal</u>

Any act or omission of an agent within the scope of apparent authority is the act or omission of the principal.

Authority: WPI 50.03 (6th ed.) (unmodified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Please refer to the explanation for Defendant's objection to Plaintiff's Amended Proposed Instruction No. 4 (Part 1).  *See also* WPI 50.03, "Note on Use."  Defendant's alternative instruction is the unmodified version, used as directed by the Note on Use.  Plaintiff's proposed instruction is collapsed, edited, and modified in order to change the meaning of the instructions it incorporates.

In addition, Part 3 of Defendant's proposed alternative instruction incorporates WPI 50.03's bracketed language for "apparent" authority, but not "actual" authority.  No basis exists for asserting actual authority, as Plaintiff can identify no representation of the principal (Dearborn National) upon which Plaintiff can base an argument that Larry Meitl acted with actual authority in informing Plaintiff of the amount of severance that Dearborn National might offer.

Mr. Meitl's own representations about his authority (especially alleged hearsay representations about alleged statements of authority by others, including but not limited to Brian Griffin) are not representations of the principal and cannot be used to prove agency.  *See* WPI 50.02.01 (text); WPI 50.02.01, "Note on Use" (discussing cases).  Furthermore, such alleged statements are pure hearsay and are not admissible under Fed. R. Evid. 802.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 9
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Defendant's Alternative to Plaintiff's Amended Proposed Jury Instruction No. 4 (Part 4)**

<u>Agent—Scope of Apparent Authority Defined</u>

One of the issues for you to decide is whether Larry Meitl was acting within the scope of apparent authority. Apparent authority may only be inferred from the words or conduct of Dearborn National. Apparent authority cannot be inferred from the words or conduct of Larry Meitl.

To establish that Mr. Meitl was acting within the scope of apparent authority, the plaintiff has the burden of proving each of the following propositions:

First, that the words or conduct of Dearborn National conveyed to the plaintiff that Mr. Meitl had the authority to perform the particular act on Dearborn National's behalf;

Second, that the words or conduct of Dearborn National actually led the plaintiff to believe that Mr. Meitl had the authority to so act; and

Third, that the words or conduct of Dearborn National would have led a reasonably careful person under the circumstances to believe that Larry Meitl had the authority to so act.

Authority: WPI 50.02.01 (6th ed.) (unmodified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Please refer to the explanation for Defendant's objection to Plaintiff's Amended Proposed Instruction No. 4 (Part 1). *See also* WPI 50.02.01, "Note on Use." Defendant's alternative instruction is the unmodified version. Unlike Plaintiff's version, it is used as directed by the Note on Use. Plaintiff's proposed instruction is collapsed, edited, and modified in order to change the meaning of the instructions it incorporates.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Amended Proposed Jury Instruction No. 4 (Part 5)**

<u>Principal Sued But Not Agent—Agency or Authority Denied</u>

Dearborn National is sued as the principal and the plaintiff claims that Larry Meitl was acting as an agent. Dearborn National denies that Larry Meitl was acting as an agent and denies that Mr. Meitl was acting within the scope of his authority.

If you find that Larry Meitl was the agent of Dearborn National and was acting within the scope of his authority, then any act or omission of Mr. Meitl was the act or omission of Dearborn National.

If you do not find that Larry Meitl was acting as the agent of Dearborn National or within the scope of his authority, then Dearborn National is not liable.

Authority: WPI 50.07 (6th ed.) (unmodified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Please refer to the explanation for Defendant's objection to Plaintiff's Amended Proposed Instruction No. 4 (Part 1). *See also* WPI 50.07, "Note on Use." Defendant's alternative instruction is the unmodified version, and is used as directed by the Note on Use, unlike the Plaintiff's proposed instruction. Plaintiff's proposed instruction is collapsed, edited, and modified in order to change the meaning of the instructions it incorporates.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

## Plaintiff's Proposed Instruction No. 6[3]

<u>Negligent Misrepresentation—Failure To Disclose Information—Burden of Proof on the Issues</u>

Mr. Dreis has the burden of proving by clear, cogent, and convincing evidence each of the following elements for the claim of negligent misrepresentation by failure to disclose information:

(1) that Dearborn National had a duty to disclose to Mr. Dreis the following information: that Mr. Dreis would be paid $607,779.84 in severance;

(2) that Dearborn National did not disclose this information to Mr. Dreis;

(3) that Dearborn National was negligent in failing to disclose this information; and

(4) that Mr. Dreis was damaged by the failure to disclose this information.

---

[3] WPI 165.02 (modified).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 6 (Part 1)**

<u>Duty to Disclose—Mixed Issues of Fact And Law</u>

Damien Dreis has the burden of proving that Dearborn National owed him a duty to disclose to him the amount of the severance offer he would have received had he not resigned.

In deciding whether this burden has been met, you are to consider whether the following fact has been proved:

Whether a special relationship of trust and confidence existed between Dearborn National and Damien Dreis such that Dearborn National purported to act or advise Mr. Dreis with Mr. Dreis's interest in mind.

You have been given a special verdict form that asks you whether this fact has been proved. Fill in the special verdict form according to your answer. Follow the directions on the special verdict form for what to do next.

Authority: WPI 165.03.01 (6th ed.) (modified)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's proposed instruction omits a key instruction—whether a special relationship existed such that Dearborn National owed him a duty to disclose to him the amount of severance it would have offered to him had he remained employed on February 19, 2015 (the date Dearborn National extended severance offers).

This is a factual question that must be specifically submitted to the jury. Generally, whether a duty exists is a question of law. *See Richland Sch. Dist. v. Mabton Sch. Dist.*, 111 Wn. App. 377, 385, 45 P.3d 580, 585 (2002) (citing *Schaaf v. Highfield*, 127 Wn.2d 17, 21–22, 896 P.2d 665 (1995)). However, as reflected in the Court's order on summary judgment, in this case a key question of fact must be answered in order to determine whether any legal duty existed, namely, whether the relationship between Damien Dreis and Larry Meitl was one in which Mr. Meitl owed a duty to disclose, on Dearborn National's behalf and acting as its agent, what severance Mr. Dreis might have been offered had he not resigned his employment. *See* Order on Cross-Motions for Summary Judgment (ECF No. 35), at 9:16–20 ("When the evidence is viewed in the light most favorable to Mr. Dreis, a jury could conclude by clear, cogent, and convincing evidence that Mr. Meitl had relevant knowledge sufficient both to support a special relationship between Mr. Dreis and Mr. Meitl and to hold Dearborn National liable for Mr. Meitl's failure to disclose that information."). Accordingly, it is necessary to submit to the jury the question of whether, as Mr. Dreis's employer, Dearborn National was advising him for his own benefit.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 13
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

## Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 6 (Part 2)

Negligent Misrepresentation—Failure To Disclose Information—Burden of Proof On The Issues

Damien Dreis has the burden of proving by clear, cogent, and convincing evidence each of the following elements for the claim of negligent misrepresentation:

(1) that Dearborn National had a duty to disclose to Mr. Dreis the following information: that, had Mr. Dreis not resigned, Dearborn National would have offered him $607,779.84 as a severance payment in exchange for Mr. Dreis releasing any claims he might have had against Dearborn National;

(2) that Dearborn National did not disclose this information to Mr. Dreis;

(3) that Dearborn National was negligent in failing to disclose this information;

(4) that the disclosure of this information would have caused Mr. Dreis to act differently; and

(5) that Mr. Dreis was damaged by the failure to disclose this information.

Authority: WPI 165.02 (6th ed.) (modified)

Basis for Objection to Plaintiff's Proposed Instruction

Plaintiff's proposed instruction misstates the facts. Dearborn National never would have simply "paid" Mr. Dreis severance in any amount. Rather, it would have offered him $607,779.84 as a severance payment in exchange for Mr. Dreis releasing any claims he might have had against Dearborn National. The jury should not be instructed with erroneous facts.

Plaintiff's instruction also omits a necessary parenthetical in WPI 165.02, namely, point (4), that Mr. Dreis would have acted differently had the information in question been disclosed. WPI 165.02's "Note on Use" expressly provides that this "should be used in cases involving a factual dispute as to whether the defendant's nondisclosure was material to the plaintiff's decision to complete the transaction." Dearborn National disputes that alleged statements about severance were material to Mr. Dreis's decision to resign. Thus, this portion of the instruction must be included, and omitting it would be error.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 6 (Part 3)**

<u>Negligence—Adult—Definition</u>

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

Authority: WPI 10.02 (6th ed.)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

WPI 165.02's "Note on Use" expressly provides that WPI 165.02 "should be accompanied by WPI 10.01." Plaintiff's proposed instruction disregards this express direction on proper use.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Proposed Instruction No. 7[4]**

<u>Negligent Misrepresentation—Failure To Disclose Information—Duty To Disclose</u>

A party to a business transaction has a duty to disclose to the other party, before the transaction is completed, the following information under any of these circumstances:

1. facts basic to the transaction, if the party knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts;

2. matters known to him or her that the other is entitled to know because of a relationship of trust and confidence between them;

3. matters known to the party that he or she knows to be necessary to prevent his or her partial or ambiguous statement of the facts from being misleading; or

4. subsequently acquired information that the party knows will make untrue or misleading a previous representation that when made was true or believed to be so.

---

[4] WPI 165.03.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 7 (Part 1)**

<u>Negligent Misrepresentation—Failure To Disclose Information—Duty To Disclose</u>

A party to a business transaction has a duty to disclose to the other party, before the transaction is completed, the following information under any of these circumstances:

(a) facts basic to the transaction, if the party knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts;

(b) matters known to him or her that the other is entitled to know because of a relationship of trust and confidence between them;

(c) matters known to the party that he or she knows to be necessary to prevent his or her partial or ambiguous statement of the facts from being misleading;

(d) subsequently acquired information that the party knows will make untrue or misleading a previous representation that when made was true or believed to be so;

(e) the falsity of a representation made without the expectation that it would be acted upon, if the party subsequently learns that the other is about to act in reliance upon it in their transaction.

Other than in these circumstances, a party to a business transaction is not required to disclose information to the other party.

Authority: WPI 165.03 (6th ed.)

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's proposed instruction improperly omits WPI 165.03's final sentence, erroneously implying that the jury can find a duty to disclose other than in the circumstances listed in the instruction. WPI 165.03 states that this sentence should be included "if it would help jurors to better understand the legal framework." It would be helpful in this case, and so must be used here.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 7 (Part 2)**

Negligent Misrepresentation—Failure To Disclose Information—Relationship of Trust And Confidence—Definition

A relationship of trust and confidence exists when one person has gained the trust and confidence of the other and purports to act or advise with the other's interest in mind.

Authority: WPI 165.04 (6th ed.)

Basis for Objection to Plaintiff's Proposed Instruction

Plaintiff's failure to provide this instruction is erroneous as a matter of law. WPI 165.04's "Note on Use" specifically requires that this instruction be used "for cases involving a relationship of trust and confidence." The "Note on Use" also recognizes that "[f]actual issues will often exist for these relationships." The Court has expressly held that an issue of fact exists with respect to whether such a relationship exists that can support this claim in this case. *See* Order on Cross-Motions for Summary Judgment (ECF No. 35), at 9:16–20 ("When the evidence is viewed in the light most favorable to Mr. Dreis, a jury could conclude by clear, cogent, and convincing evidence that Mr. Meitl had relevant knowledge sufficient both to support a special relationship between Mr. Dreis and Mr. Meitl and to hold Dearborn National liable for Mr. Meitl's failure to disclose that information."). Accordingly, this instruction is required, and its omission would be error.

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 18
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Proposed Instruction No. 10[5]**

<u>Damages</u>

It is the duty of the Court to instruct you on the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Dreis you must determine Mr. Dreis's damages. Damages means the amount of money that will reasonably and fairly compensate Mr. Dreis for any injury you find was caused by Dearborn National.

If you find for Mr. Dreis on any of his claims, your verdict must include the $607,779.84 in severance.

In addition, you should also consider the following non-economic damages, which Mr. Dreis must prove by a preponderance of the evidence:

- Emotional distress;
- Anxiety;
- Embarrassment; and
- Humiliation

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[5] 9th Circuit Model Federal Jury Instructions 5.1 and 5.2; RCW 4.56.250; WPI 30.01.01; *Nord v. Shoreline Sav. Ass'n,* 116 Wn.2d 477, 805 P.2d 800 (1991) ("This court has liberally construed damages for emotional distress as being available merely upon proof of 'an intentional tort'."); *see also Bloor v. Fritz,* 143 Wn. App. 718, 180 P.3d 805 (2008) (trial court properly awarded emotional distress damages arising out of real estate agent's failure to disclose to purchasers prior use of property as methamphetamine lab); *Sprague v. Frank J. Sanders Lincoln Mercury, Inc.* 120 Cal. App. 3d 412, 174 Cal. Rptr. 608 (5th Dist. 1981) (where an action for deceit is grounded in tort, general damages for mental pain and suffering may be recovered.).

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Alternative to Plaintiff's Proposed Jury Instruction No. 10**

<u>Damages</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by clear, cogent, and convincing evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The reasonable value of business opportunities lost to the present time; and

- The emotional pain and suffering experienced by the plaintiff.

You may only consider damages for emotional pain and suffering if you find for the plaintiff on his claim for fraud. Damages for emotional pain and suffering are not available for claims of negligent misrepresentation.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: 9th Circuit Model Federal Civil Jury Instructions 5.1 and 5.2 (modified)

<u>Bases for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's damages instruction is erroneous as a matter of law for numerous reasons.

1. Plaintiff's proposed instruction misstates the burden of proof. On both negligent misrepresentation claims and fraud claims, damages must be proved by clear, cogent, and convincing evidence. *See Ross v. Kirner*, 162 Wn.2d 493, 499, 172 P.3d 701 (2007) ("A plaintiff claiming negligent misrepresentation must prove *by clear, cogent, and convincing* evidence that . . . the false information proximately caused the plaintiff damages."); *Pedersen v. Bibioff*, 64 Wn. App. 710, 722–23, 828 P.2d 1113 (1992) ("the plaintiff bears the burden of proving *all essential elements* of fraud by clear, cogent and convincing evidence") (citing *Beckendorf v. Beckendorf*, 76 Wn.2d 457, 457 P.2d 603 (1969)).

2. Plaintiff's instruction also erroneously allows for emotional distress damages for his negligent misrepresentation claims. Emotional distress damages are not available for these claims. Both claims expressly relate only to damages for "pecuniary loss" under the Restatement (Second) of Torts ("Restatement") §§ 551 and 552, which Washington State has adopted. *See* Restatement § 552B ("The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the *pecuniary loss* to him of which the misrepresentation is a legal cause.") (emphasis added); *Hines v. Data Line Sys., Inc.*, 114 Wn.2d 127, 150, 787 P.2d 8 (1990) (Restatement applies to claims of negligence by affirmative misrepresentation); *Havens v. C & D Plastics, Inc.*, 124 Wn.2d 158, 180, 876 P.2d 435 (1994) (applying Restatement to claims of negligence based on failure to disclose).

3. Plaintiff's instruction also erroneously directs the amount of economic damages that the jury

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

must award. This is improper in light of Defendant's defense of contributory negligence, and could result in the jury failing to consider this defense. The Restatement expressly allows the defense of contributory negligence for negligent misrepresentation claims. *See* Restatement § 552A ("The recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it if he is negligent in so relying.").

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Proposed Instruction No. 11[6]**

<u>Internal Policies</u>

    The violation, if any, by Dearborn National of its own internal rules or policies is not necessarily negligence, but may be considered by you as evidence in determining negligence.

---

[6] WPI 60.03 Violation of Statute, Ordinance, Administrative Rule, or Internal Governmental Policy—Evidence of Negligence (modified); *see also Van Hook v. Anderson*, 64 Wn. App. 353, 824 P.2d 509 (1992); *Adcox v. Children's Orthopedic Hosp.*, 123 Wn.2d 15, 37-38, 864 P.2d 921 (1993) (approving jury instructions, including one which "told the jury a hospital nursing staff 'is obligated' to follow hospital rules and policies, and violation of rules or policies, while not necessarily constituting negligence, could be considered in determining negligence"); *Joyce v. State, Dept. of Corrections*, 155 Wn.2d 306,119 P.3d 825 (2005) ("Internal directives, department policies, and the like may provide evidence of the standard of care and therefore be evidence of negligence.").

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

# Objection to Plaintiff's Proposed Jury Instruction No. 11

<u>Basis for Objection to Plaintiff's Proposed Instruction</u>

Plaintiff's proposed instruction is unnecessary to this case and is inapplicable on its face. WPI 60.03 applies *only* to an alleged violation of a "Statute, Ordinance, Administrative Rule, or Government Policy." WPI 60.03. Plaintiff has simply omitted the required title of the instruction in order to obscure this fact, and the resulting conclusion that this instruction does not apply in this case. Here, no allegation has *ever* existed that the Defendant violated any statute, ordinance, administrative rule, or government policy. WPI 60.03's "Comment" itself makes clear that this instruction has no applicability to this case. Specifically, the WPI states:

> In order for a statute, ordinance, or administrative rule to be admissible on the issue of negligence, the enactment must satisfy the test set forth in Restatement (Second) of Torts § 286 (1965). *See Young v. Caravan Corp.*, 99 Wn.2d 655, 659, 663 P.2d 834 (1983) opinion amended, 672 P.2d 1267, and the cases cited therein. Pursuant to § 286, the purpose of the legislative enactment or administrative regulation must be found by the trial court exclusively or in part:
>
> > (a) to protect a class of persons which includes the one whose interest is invaded, and
> >
> > (b) to protect the particular interest which is invaded, and
> >
> > (c) to protect that interest against the kind of harm which has resulted, and
> >
> > (d) to protect that interest against the particular hazard from which the harm results.
>
> Restatement (Second) of Torts § 286 (1965).

WPI 60.03, Comment. The only alleged "violation" at issue in this case is the supposed deviation by Dearborn National from its own internal Reduction in Force Policy. As even a cursory reading of WPI 60.03 makes clear, this satisfies none of the Restatement elements that must be proved in order for an alleged violation of a governmental rule or policy to be discussed or described as evidence of negligence. The threshold question of whether Dearborn National's policy is a "legislative enactment or administrative regulation" is not met.

This instruction relates to negligence *per se*, not ordinary negligence or evidence thereof. Further, as made clear by the Comment, use of this instruction even in relation to "private industry standards" poses "a risk that using this instruction for private industry standards could be interpreted as a judicial comment on the evidence." WPI 60.03, Comment. Here, there is not even any private industry standard at issue. Rather, the only "standard" is Dearborn National's own non-public, internal policy. Use of this instruction in this case would be clear error.

In addition, this instruction is erroneous as a matter of law because there is no claim in this case related to violation of Dearborn National's internal policies. Dreis voluntarily dismissed all such claims on summary judgment. Thus, no liability can flow from this type of allegation. The only remaining claims in the case are for negligent misrepresentation and fraud, all of which relate to Larry Meitl's alleged statement to Dreis, and having nothing to do with Dearborn National's internal employment policies.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Defendant's Proposed Instruction No. 2[7]**

<u>Negligence—Adult—Definition</u>

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

---

[7] WPI 10.01 (6th ed.)

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Response and Proposed Instruction(s):**  As discussed in Plaintiff's Motions in Limine (Dkt. 36), there is no basis to instruct the jury on comparative fault.  The Washington Supreme Court has held that "if there is no evidence of contributory negligence, it is an error of law to submit the issue to the jury."  *Boley v. Larson*, 69 Wn.2d 621, 624, 419 P.2d 579 (1966).  The defendant is only entitled to a jury instruction on comparative negligence when "substantial evidence" is submitted to support such a finding. *Humes v. Fritz Companies, Inc.*, 125 Wn. App. 477, 496-97, 105 P.3d 1000 (2005) (trial court did not err in refusing to give comparative negligence instruction to the jury); *Roberts v. Larsen*, 71 Wn.2d 743, 744, 431 P.2d 166 (1967) (contributory negligence "must be established by substantial evidence; a scintilla of evidence is not sufficient.").  Defendant has failed to elicit substantial evidence sufficient to instruct the jury on comparative fault.

If the Court is inclined to instruct on comparative fault, it should include an instruction explaining that Dearborn bears the burden of proof on its affirmative defense, and that Dearborn must prove each element of that defense by a preponderance of the evidence.  *See* WPI 21.03 Burden of Proof on the Issues—Contributory Negligence—No Counterclaim.  Dearborn has failed to include that critical instruction in its proposed instructions.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Defendant's Proposed Instruction No. 3[8]**

<u>Ordinary Care—Adult—Definition</u>

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

---

[8] WPI 10.02 (6th ed.)

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1 **Plaintiff's Response and Proposed Instruction(s):** *See* Plaintiff's Response to

2 Defendant's Proposed Instruction No. 2, above.  There is no basis to instruct the jury on ordinary

3 care because Dearborn has failed to present sufficient evidence of comparative fault.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

1

## Defendant's Proposed Instruction No. 4[9]

2

<u>Contributory Negligence—Definition</u>

3       Contributory negligence is negligence on the part of a person claiming injury or damage
that is a proximate cause of the injury or damage claimed.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[9] WPI 11.01 (6th ed.)

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 28
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

**Plaintiff's Response and Proposed Instruction(s):** *See* Plaintiff's Response to

Defendant's Proposed Instruction No. 2, above.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

# Defendant's Proposed Instruction No. 5[10]

## Determining the Degree of Contributory Negligence

If you find contributory negligence, you must determine the degree of negligence, expressed as a percentage, attributable to the person claiming injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

---

[10] WPI 11.07 (6th ed.)

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1    **Plaintiff's Response and Proposed Instruction(s):** *See* Plaintiff's Response to

2    Defendant's Proposed Instruction No. 2, above.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

# III. VERDICT FORMS

## Plaintiff's Proposed Verdict Form

We, the jury, answer the questions submitted by this Court as follows:

1. Did Dearborn National negligently misrepresent, through an affirmative misstatement, the amount of severance that Mr. Dreis would be paid?

    ANSWER: _____ (Write "yes" or "no").

    *(Instruction: If you answered "yes" to Question 1, answer Question 2. If you answered "no" to Question 1, skip Question 2, and answer Question 3)*

2. What damages were proximately caused by Dearborn National's affirmative misstatement?

    ANSWER: $_____

    *(Instruction: Answer Question 3).*

3. Did Dearborn National negligently misrepresent, through a failure to disclose, the amount of severance that Mr. Dreis would be paid?

    ANSWER: _____ (Write "yes" or "no").

    *(Instruction: If you answered "yes" to Question 3, answer Question 4. If you answered "no" to Question 3, skip Question 4, and answer Question 5)*

4. What damages were proximately caused by Dearborn National's failure to disclose?

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 32
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

ANSWER:  $_____

(*Instruction: Answer Question 5*)


5.  Did Dearborn National commit fraud?


ANSWER: _____ (Write "yes" or "no").

(*Instruction: If you answered "yes" to Question 5, answer Question 6.  If you answered "no" to Question 5, skip Question 6, and answer Question 7.*)


6.  What damages were proximately caused by Dearborn National's fraud?


ANSWER: $_____

(*Instruction: Answer Question 7*).


7.  What are the total damages caused by Dearborn National's affirmative misstatement, failure to disclose, and/or fraud?  Do not duplicate damages.


ANSWER: $_____

(*Instruction: Answer Question 8*).


8.  Does the amount of damages that you found under Question 2, Question 4, and/or Question 6 include any amount of wages?


ANSWER: _____ (Write "yes" or "no").

(*Instruction: Sign this verdict and notify the bailiff.*)

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

PRESIDING JUROR: _____ DATE: _____

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 34
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

# Defendant's Objection to Plaintiff's Proposed Special Verdict Form

Bases for Objection to Plaintiff's Proposed Special Verdict Form

1. Plaintiff's proposed special verdict form omits Defendant's defense of contributory negligence. The Restatement (Second) of Torts ("Restatement"), which governs negligent misrepresentation claims under Washington law, expressly allows the defense of contributory negligence for negligent misrepresentation claims. *See* Restatement § 552A. The Washington Supreme Court has also expressly held that this defense is available. *ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 831, 959 P.2d 651 (1998) ("a negligent misrepresentation claim is the type of action for which the uniform comparative fault statute applies").

2. Plaintiff's proposed special verdict form fails to ask the jury whether Larry Meitl was acting as Dearborn National's agent in making representations to Dreis about severance payments Dreis might be offered. This is a threshold factual question upon which each of Dreis's claims depends. As such, failure to include it in the special verdict for would be error.

3. Plaintiff's proposed special verdict form omits the key factual question of whether a special relationship of trust and confidence existed between Dearborn National and Dreis that could support a legal duty on Dearborn National's part to disclose to Dreis the amount of severance it might offer him before actually extending such an offer. Including this question in the special verdict form is specifically required by the relevant WPIs under the factual circumstances presented by this case. *See* WPI 165.04, "Note on Use" (instruction should be used for where there is an issue as to whether "a relationship of trust and confidence" existed that could support a duty to disclose, and recognizing that "[f]actual issues will often exist for these relationships"); *see also* WPI 165.03.01, "Duty To Disclose—Mixed Issues of Fact And Law" ("Whether the defendant had a duty to disclose will often be determined by the judge as a matter of law during pre-trial proceedings. For those cases in which a factual issue precludes a decision as a matter of law, this instruction may be used to submit the factual issue to the jury."); WPI 165.03.02, "Duty To Disclose—Mixed Issues of Fact And Law—Special Verdict Form" (recommended for use in factual circumstances identical to those of this case, to accompany WPI 165.03.01).

Further, the Court has already explicitly ruled that this is a factual question that must be submitted to the jury. *See* Order on Cross-Motions for Summary Judgment (ECF No. 35), at 9:16–20 ("When the evidence is viewed in the light most favorable to Mr. Dreis, a jury could conclude by clear, cogent, and convincing evidence that Mr. Meitl had relevant knowledge sufficient both to support a special relationship between Mr. Dreis and Mr. Meitl and to hold Dearborn National liable for Mr. Meitl's failure to disclose that information."). Accordingly, omitting this question from the special verdict form would be error.

4. Plaintiff's special verdict form also erroneously allows for emotional distress damages to be found on plaintiff's negligence claims. Under Washington law, this is error. Both claims expressly relate only to damages for "pecuniary loss" under the Restatement. *See* Restatement § 552B ("The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the *pecuniary loss* to him of which the misrepresentation is a legal cause.") (emphasis added).

5. In addition, Plaintiff's special verdict form's Question 7 creates the risk that the jury could improperly combine identical damages were it to find in Dreis's favor on more than one claim. The direction "Do not duplicate damages" is insufficient to address this potential, as it unclear what this direction is supposed to mean.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

# Defendant's Proposed Verdict Form

We, the jury, answer the questions submitted by the court as follows:

QUESTION 1: Was Larry Meitl acting as Dearborn National's agent in his discussions with Damien Dreis about severance?  (See Jury Instruction No. __.)

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," your verdict is for Dearborn National and against Damien Dreis.  Skip the remaining questions, sign this verdict form, and notify the bailiff.  If your answer is "yes," answer Question 2.)*

QUESTION 2: Do you find that Damien Dries has proved his negligent misrepresentation by affirmative misstatement claim by clear, cogent, and convincing evidence?  (See Jury Instruction No. __.)

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," skip Question 3 and answer Question 4.  If your answer is "yes," answer Question 3.)*

QUESTION 3: What is the total amount of Damien Dreis's damages that were proximately caused by Dearborn National's affirmative misstatement?

ANSWER: $_____

*(DIRECTION: Answer Question 4.)*

QUESTION 4: Did Damien Dreis prove by clear, cogent, and convincing evidence that a special relationship of trust and confidence existed between Dearborn National and Damien Dreis such that Dearborn National purported to act or advise Mr. Dreis with Mr. Dreis's interest in mind?  (See Jury Instruction No. __):

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "yes," then proceed to consider the other elements of Damien Dreis's negligent misrepresentation by failure to disclose claim and answer Question 5.  If your*

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 36
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

*answer is "no," then your verdict is complete for this claim, and you should also answer "no" to Question 5, skip Question 6, and answer Question 7.)*

QUESTION 5: Do you find that Damien Dries has proved his negligent misrepresentation by failure to disclose claim by clear, cogent, and convincing evidence? (See Jury Instruction No. ___.)

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," skip Question 6 and answer Question 7. If your answer is "yes," answer Question 6.)*

QUESTION 6: What is the total amount of Damien Dries's damages that were proximately caused by Dearborn National's failure to disclose?

ANSWER: $_____

*(DIRECTION: Answer Question 7.)*

QUESTION 7: Did Damien Dreis's own negligence contribute to his total amount of damages?

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If you answered "yes" to either Question 2 or Question 5, answer Question 7 and Question 8. If you answered "no" to both Question 2 and Question 5, skip Question 7 and Question 8, and answer Question 9.)*

QUESTION 8: Assume that 100% represents the total combined fault that proximately caused Damien Dreis's damages. What percentage of this 100% is attributable Dearborn National's negligence, and what percentage of this 100% is attributable to Damien Dreis's own negligence? Your total must equal 100%

ANSWER:

To Dearborn National: _____%

To Damien Dreis: _____%

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

Total: <u>100</u>%

*(DIRECTION: Answer Question 9.)*

QUESTION 9: Do you find that Damien Dries has proved his fraud claim by clear, cogent, and convincing evidence?  (See Jury Instruction No. __.)

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If you answered "no," skip Question 10 and answer Question 11.  If you answered "no," and <u>also</u> answered "no" to Question 2 <u>and</u> Question 5, your verdict is for Dearborn National and against Damien Dreis, and you should skip Question 10 and Question 11, sign this verdict form, and notify the bailiff.  If you answered "yes" to Question 9, answer Question 10.)*

QUESTION 10: What is the total amount of Damien Dreis's damages that were proximately caused by Dearborn National's fraud?

ANSWER: $_____

*(DIRECTION: Answer Question 11.)*

QUESTION 11: Do Damien Dreis's damages include any amount of wages?

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: Sign this verdict and notify the bailiff.)*

DATE:

PRESIDING JUROR

_____

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

**Plaintiff's Response:**

**Question 1:** Question 1 is unnecessary, unduly emphasizes Defendant's case, and misapplies Washington agency law. The question of agency is adequately addressed in the Jury Instructions and need not be included on the Verdict Form. In asking whether Dearborn is liable for negligent misrepresentation and/or fraud, the jury is necessarily asked whether any agent was acting on behalf of Dearborn in committing those torts. More importantly, Plaintiff's allegations are not limited to Mr. Meitl alone. The jury could conclude that any one of Dearborn's agents committed negligent misrepresentation or fraud and was acting on Dearborn's behalf in doing so—either as an actual agent or an apparent agent—and that Dearborn is bound thereby.

**Question 2:** Question 2 is unnecessary, confusing, and puts an undue emphasis on Plaintiff's burden of proof. There is no basis to reiterate the burden of proof in the Verdict Form where it is clearly spelled out in the Jury Instructions. Defendant is free to argue the burden of proof and explain to the jury—in line with the instruction on burden—that if Plaintiff does not meet his burden, the jury should find for Dearborn on the liability questions. There is no rationale or support for this inclusion other than an attempt to graft as many additional hurdles as possible onto the Verdict Form. If the Court uses Defendant's Proposed Verdict Form, Question 2 should read: "Do you find that Damien Dries has proved his negligent misrepresentation by affirmative misstatement claim?" without reference to the burden of proof.

**Question 3**: No objection.

**Question 4:** *See* objection to Question 2, above, regarding reemphasizing the burden of proof in the Verdict Form. In addition, Question 4 is unnecessary, unduly emphasizes Defendant's case, unreasonably limits Plaintiff's claims, and is not supported by the Washington Pattern Instruction on duty to disclose. WPI 165.03 provides that there is a duty to disclose where *any* of *four* separate elements are met. A "special relationship of trust and confidence" is only *one* of those four avenues. *See* WPI 165.03 (defendant must disclose: (1) facts basic to the transaction, if the party knows that the other is about to enter into it under a mistake as to them,

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts; (2) matters known to him or her that the other is entitled to know because of a relationship of trust and confidence between them; (3) matters known to the party that he or she knows to be necessary to prevent his or her partial or ambiguous statement of the facts from being misleading; or (4) subsequently acquired information that the party knows will make untrue or misleading a previous representation that when made was true or believed to be so.). There is no basis to limit Plaintiff to only one of these four enumerated avenues, nor is it necessary to ask the jury to answer these questions on the Verdict Form. Because the jury should be instructed in accordance with WPI 165.03, and because that instruction is more than sufficient to explain when a duty to disclose arises, Question 4 should not be included on the Verdict Form.

Moreover, the "Direction" after Question 4 is too lengthy and confusing.

**Question 5:** *See* objection to Question 2, above.

**Question 6:** No objection.

**Question 7:** The jury should not be instructed on comparative fault for the reasons briefed in Plaintiff's Motions in Limine and discussed above in response to Defendant's Proposed Instruction No. 2. If the Court determines that there is substantial evidence of comparative fault, Question 7 is still problematic because, as written, it does not adequately explain that comparative fault is only applicable to the negligent misrepresentation claims and not to the fraud claim. The jury would need to be instructed as such to prevent them from improperly reducing any damages related to fraud.

**Question 8:** *See* objection to Question 7, above. Furthermore, Question 8 is confusing in that it refers to "total damages" without specifying that these "total damages" are only those damages related to Plaintiff's negligent misrepresentation claims, and does not ask for the damages attributable to Dearborn's fraud.

**Question 9**: *See* objection to Question 2, above. Moreover, the "Direction" following

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

Question 9 is too lengthy and confusing.

**Question 10:**  No objection.

**Question 11**:  No objection.

In addition to the objections stated above, Defendant fails to include a question asking the jury to identify the total damages attributable to Plaintiff's three claims.  Without such a question, the three separate damages awards could become confusing.  The jury should be asked to total all of the damages and to not duplicate any damages attributable to each cause of action. *See* Plaintiff's Proposed Verdict Form, Question No. 7.

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated**: August 19, 2015

**PETERSON | WAMPOLD**
**ROSATO | LUNA | KNOPP**

*/s/ Elizabeth Chandler*
Elizabeth Chandler, Paralegal
1501 4th Avenue, Suite 2800
Seattle, WA 98101
Ph. 206-624-6800
Email: elizabeth@pwrlk.com

JOINT STATEMENT OF DISPUTED
INSTRUCTIONS - 42
CASE NO. 2:14-CV-00620-MJP
135423279_1.DOC

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415