The Honorable Marsha J. Pechman
Trial Date: September 8, 2015

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIEN DREIS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DEARBORN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>　　　　Defendant. | Case No. 2:14-cv-00620-MJP<br><br>**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** |

Defendant Dearborn National Life Insurance Company hereby submits the following proposed supplemental jury instructions and proposed special verdict form.

**A.　　Defendant's Proposed Supplemental Jury Instructions**

Defendant's first proposed supplemental jury instruction is identical to the instruction Defendant previously submitted in the parties' Joint Statement of Disputed Instructions regarding the duty element of Plaintiff's claim for negligent misrepresentation by failure to disclose (ECF No. 52 at 13). The Court's preliminary instructions did not include this instruction, and Defendant previously took exception its absence. Defendant believes that this instruction remains necessary in light of the factual dispute about whether Dearborn National had the type of relationship of trust and confidence that could support such a duty.

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 1
Case No. 2:14-cv-00620-MJP

Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Dearborn National also maintains that it is necessary to submit this question to the jury directly in a special verdict form as required by WPI 165.03.01 and illustrated by WPI 165.03.02.

Defendant's second proposed supplemental jury instruction is Defendant's instruction on damages. This is modified from the damages instruction previously submitted by Defendant. (ECF No. 52 at 20.) This modification removes any reference to damages for emotional distress, including for Plaintiff's fraud claim. Plaintiff has put forward no evidence that supports the claim that Plaintiff suffered compensable emotional distress as a result of any alleged misrepresentation by Dearborn National (as opposed to emotional distress stemming from the RIF itself). Accordingly, allowing the jury to consider emotional distress in formulating any damage award would be error.

### B. Defendant's Proposed Special Verdict Form

Dearborn National re-submits its special verdict form as previously submitted. (ECF No. 52, at 36–38.) In response to Plaintiff's objection regarding the inclusion of the burden of proof in the special verdict form (*see* ECF No. 52 at 39:1, 10–11, and 20–21), Dearborn National requests that the Court take note that the Washington Pattern Jury Instructions – Civil expressly provide that "When plaintiff's burden of proof is something other than a preponderance of the evidence, practitioners should specify the burden in the special verdict form." WPI 165.03.02, Comment.

// // //
// // //
// // //
// // //
// // //
// // //
// // //

DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND
PROPOSED SPECIAL VERDICT FORM - 2
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Dated: September 11, 2015

/s/ Thomas P. Holt
Thomas P. Holt, WSBA No. 39722
tholt@littler.com
James G. Zissler, WSBA No. 30287
jzissler@littler.com
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Attorneys for Defendant
DEARBORN NATIONAL LIFE
INSURANCE COMPANY, a foreign
corporation

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 3
Case No. 2:14-cv-00620-MJP

**Defendant's Proposed Supplemental Jury Instruction No. 1**

<u>Duty to Disclose—Mixed Issues of Fact And Law</u>

Damien Dreis has the burden of proving that Dearborn National owed him a duty to disclose to him the amount of the severance offer he would have received had he not resigned.

In deciding whether this burden has been met, you are to consider whether the following fact has been proved:

Whether a special relationship of trust and confidence existed between Dearborn National and Damien Dreis such that Dearborn National purported to act or advise Mr. Dreis with Mr. Dreis's interest in mind.

You have been given a special verdict form that asks you whether this fact has been proved. Fill in the special verdict form according to your answer. Follow the directions on the special verdict form for what to do next.

Authority: WPI 165.03.01 (6th ed.) (modified)

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 4
Case No. 2:14-cv-00620-MJP

Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**Defendant's Proposed Supplemental Jury Instruction No. 2**

Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by clear, cogent, and convincing evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the amount Damien Dreis would have been offered as a severance payment, $607,779.84.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: 9th Circuit Model Federal Civil Jury Instructions 5.1 and 5.2 (modified)

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 5
Case No. 2:14-cv-00620-MJP

Littler Mendelson, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**Defendant's Proposed Verdict Form**

We, the jury, answer the questions submitted by the court as follows:

QUESTION 1: Was Larry Meitl acting as Dearborn National's agent in his discussions with Damien Dreis about severance? (See Jury Instruction No. __.)

    ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," your verdict is for Dearborn National and against Damien Dreis. Skip the remaining questions, sign this verdict form, and notify the bailiff. If your answer is "yes," answer Question 2.)*

QUESTION 2: Do you find that Damien Dries has proved his negligent misrepresentation by affirmative misstatement claim by clear, cogent, and convincing evidence? (See Jury Instruction No. __.)

    ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," skip Question 3 and answer Question 4. If your answer is "yes," answer Question 3.)*

QUESTION 3: What is the total amount of Damien Dreis's damages that were proximately caused by Dearborn National's affirmative misstatement?

    ANSWER: $_____

*(DIRECTION: Answer Question 4.)*

QUESTION 4: Did Damien Dreis prove by clear, cogent, and convincing evidence that a special relationship of trust and confidence existed between Dearborn National and Damien Dreis such that Dearborn National purported to act or advise Mr. Dreis with Mr. Dreis's interest in mind? (See Jury Instruction No. __.):

    ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "yes," then proceed to consider the other elements of Damien Dreis's negligent misrepresentation by failure to disclose claim and answer Question 5. If your*

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 6
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

*answer is "no," then your verdict is complete for this claim, and you should also answer "no" to Question 5, skip Question 6, and answer Question 7.)*

QUESTION 5: Do you find that Damien Dries has proved his negligent misrepresentation by failure to disclose claim by clear, cogent, and convincing evidence? (See Jury Instruction No. ___.)

    ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If your answer is "no," skip Question 6 and answer Question 7. If your answer is "yes," answer Question 6.)*

QUESTION 6: What is the total amount of Damien Dreis's damages that were proximately caused by Dearborn National's failure to disclose?

    ANSWER: $_____

*(DIRECTION: Answer Question 7.)*

QUESTION 7: Did Damien Dreis's own negligence contribute to his total amount of damages?

    ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If you answered "yes" to either Question 2 or Question 5, answer Question 7 and Question 8. If you answered "no" to both Question 2 and Question 5, skip Question 7 and Question 8, and answer Question 9.)*

QUESTION 8: Assume that 100% represents the total combined fault that proximately caused Damien Dreis's damages. What percentage of this 100% is attributable Dearborn National's negligence, and what percentage of this 100% is attributable to Damien Dreis's own negligence? Your total must equal 100%

    ANSWER:

    To Dearborn National: _____%

DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM - 7
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

To Damien Dreis: _____%

Total: <u>100</u>%

*(DIRECTION: Answer Question 9.)*

QUESTION 9: Do you find that Damien Dries has proved his fraud claim by clear, cogent, and convincing evidence? (See Jury Instruction No. ___.)

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: If you answered "no," skip Question 10 and answer Question 11. If you answered "no," and <u>also</u> answered "no" to Question 2 <u>and</u> Question 5, your verdict is for Dearborn National and against Damien Dreis, and you should skip Question 10 and Question 11, sign this verdict form, and notify the bailiff. If you answered "yes" to Question 9, answer Question 10.)*

QUESTION 10: What is the total amount of Damien Dreis's damages that were proximately caused by Dearborn National's fraud?

ANSWER: $_____

*(DIRECTION: Answer Question 11.)*

QUESTION 11: Do Damien Dreis's damages include any amount of wages?

ANSWER: (Write "yes" or "no") _____

*(DIRECTION: Sign this verdict and notify the bailiff.)*

DATE:

PRESIDING JUROR

_____

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 8
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on September 11, 2015, I electronically filed the foregoing **DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Honorable Marsha J. Pechman and to the following:

**Attorneys for Plaintiff**

**Michael S. Wampold, WSBA #26053**
**Mallory C. Allen, WSBA #45468**
**PETERSON WAMPOLD ROSATO LUNA KNOPP**
**1501 Fourth Ave., Suite 2800**
**Seattle, WA 98101-1609**

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated September 11, 2015

    */s/ Leili Moore*
    Leili Moore
    LEMoore@littler.com
    **LITTLER MENDELSON, P.C.**

Firmwide:135836543.1 075686.1002

**DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS AND PROPOSED SPECIAL VERDICT FORM** - 9
Case No. 2:14-cv-00620-MJP

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300